IDA MAE BEAULAC *v.* L. S. ROBIE AND PEARL SLAYTON.

January Term, 1917.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 2, 1917.

*Evidence—Repairs After Accident—When Admissible—Joint and Several Liability in Action of Tort—Landlord and Tenant—Liability to Third Persons for Defective Premises— Joint Recovery—When Not Allowed—Damages—When Not Supported by Evidence.*

Evidence of repairs made by the owner of the premises to a trap door through which plaintiff had fallen was admissible, as tending to show, in connection with other evidence, that the owner and not the tenant was in control and was responsible for plaintiff's injuries.

Two defendants, jointly charged in an action in tort, can be held jointly or severally liable, as the evidence warrants, and plaintiff cannot be compelled to elect against which defendant he will proceed.

Persons who claim damages on the ground that they are invited into a dangerous place in which they receive injuries must seek their remedy against the person who invited them, and there is nothing in the relation of landlord and tenant which changes this rule.

As between landlord and tenant, it is the duty of the latter in the first instance, to see that the premises occupied by him are safe for those coming there by his invitation, express or implied, and persons injured must seek redress from the tenant and not from the landlord.

Where there is no agreement by a landlord to make repairs, he is not liable for an injury to third persons due to a defective condition

of the premises arising subsequent to the letting and while the premises are out of his control and possession; but if the landlord retains portions of the leased premises under his control, the responsibility for injuries to persons rightfully there is his and not the tenant's.

A joint recovery for injuries received by the plaintiff due to the defective condition of a trap door in a platform in front of a store cannot be had against the owner of the premises and the tenant in the absence of evidence that the platform was under their joint control.

In an action of tort for personal injuries, it is error to submit to the jury the question of the plaintiff's loss of earnings, there being no evidence as to what her earning capacity had been, nor as to what she had previously received as wages, it appearing only that she was a piano player and that she had worked during the year before the accident, but not in what capacity.

TORT FOR NEGLIGENCE. Plea, the general issue. Trial by jury at the June Term, 1916, Caledonia County, *Waterman, J.,* presiding. Verdict for plaintiff. Defendant excepted. The opinion states the case.

*Porter, Witters & Harvey,* and *John W. Redmond* for defendants.

Both the defendants cannot be held. It was either the duty of the landlord to make the repairs, or the duty of the tenant to make them. There was no evidence of a joint duty in that respect. If the duty rests upon the tenant, the landlord is not liable; if upon the landlord, the tenant is not liable. *Texas Loan Agency* v. *Fleming,* 44 L. R. A. 279; *Fisher* v. *Thirkell,* 4 Am. Rep. 422; *Ahern* v. *Steel,* 115 N. Y. 216; *Burdick* v. *Cheadle,* 20 Am. Rep. 771; *Mellen* v. *Morrill,* 30 Am. Rep. 695; *McLean* v. *Fiske Wharf etc. Co.,* 158 Mass. 472; *Duffin* v. *Dawson,* 61 Atl. 76; *Adams* v. *Fletcher,* 33 Am. St. Rep. 859; *Sheets* v. *Selden et al.,* 74 U. S. 416, 19 L. ed. 166; Jones on Landlord & Tenant, 598-604; I Tiffany, Modern Law of Real Property, pp. 102-105; 18 Am. & Eng. Enc. 238; 24 Cyc. 1124; Woodfall, Landlord & Tenant, (13 ed.) 735; Shearman & Redfield on Neg., Sec. 503.

*McFeeters & McFeeters,* and *Robert W. Simonds* for plaintiff.

TAYLOR, J.  This is an action for personal injuries received by the plaintiff on premises owned by defendant Robie and occupied in part by defendant Slayton.  There was trial by jury with verdict and judgment against both defendants, who reserved joint and several exceptions.

Robie was the owner of two connected buildings, one of which he occupied as a grist mill, while he rented the other to two tenants, an upstairs tenement to one Chaffee and a store on the ground floor to Slayton.  Plaintiff's accident occurred on a platform in front of the store rented by Slayton.  There were platforms in front of and attached to the two buildings, that in front of the store being one step higher than the mill platform. Slayton occupied under a verbal lease, in which no mention was made of the store platform, and nothing was said as to who should make repairs on the premises.  The platform was used by Slayton for receiving and storing goods and by his customers in entering the store.  It was used by customers of both Slayton and Robie in going from one place of business to the other and by both defendants in passing back and forth between their places of business.  At the time Robie leased to Slayton there was a trap door in the platform furnishing access to a cellar window beneath.  The lease to Chaffee was subsequent to that to Slayton.  His lease included the tenement upstairs and room in the cellar under the store for wood and coal and gave him the right of access to the cellar through the trap door in the platform. Chaffee occasionally used the trap door to put wood into the cellar, and was the only one who had occasion to use it.  Slayton occupied no part of the cellar under his store.  Robie testified that he had no occasion to use the platform after his lease to Slayton and made no use of it except to cross it occasionally in going to Slayton's store.

When Chaffee went into possession of the upstairs tenement the trap door consisted of three boards securely fastened together by cleats, and no question was made but that in this condition it was perfectly safe.  Later, and several months before plaintiff's accident, Chaffee requested one Dunbar, Robie's miller, to separate the boards so they could be removed singly.  In response to this request Dunbar sawed through the cleats, thereby separa-

ting the boards. There was no evidence tending to show that in doing this Dunbar was acting within the duties of his employment. It was done without Robie's knowledge or subsequent approval. There was no evidence that Robie knew that the trap door had been changed until after plaintiff's accident. Slayton admitted knowing of it for about six months before the accident and testified that he kept watch of the platform because he knew it would be dangerous if the boards got out of place. Plaintiff's evidence tended to show that her injury was occasioned by stepping upon one of the boards which had become displaced and gave way under her weight, precipitating her into the hole through the platform. The accident happened as she was going into Slayton's store to purchase goods.

The following evidence in substance was received under defendants' exception: Soon after the accident Dunbar, of his own notion, fixed the trap door to make it safe. Robie was absent at the time Dunbar started on this work but came to the mill while the work was progressing and made no objection. The work was done "on Robie's time," as he made no reduction from Dunbar's weekly pay on account of the time thus employed. The ground of objection was that repairs after the accident were immaterial in any view of the case. The evidence was received not to show negligence, but as tending to show that Robie and not Slayton was in control of the platform and responsible for its unsafe condition. As the case stood it was material to show which defendant was responsible for the platform being out of repair; and evidence that Robie subsequently, and while the terms of the lease remained the same, made repairs on it, would, in the circumstances, have some tendency to show that he retained control of it. Evidence of a single instance of repairs standing alone might not be sufficient evidence of control. See *McLean* v. *Fiske Wharf and Warehouse Co.*, 158 Mass. 472, 33 N. E. 499. But it was for the jury to say on the evidence whether Robie made the repairs his own by ratifying Dunbar's action. If they found that the repairs were in effect made by Robie, this fact in connection with the evidence that no mention of the platform was made in the lease to Slayton and the further evidence that Robie gave subsequent permission to Chaffee to use the trap door without consulting Slayton, taken in connection with the fact that at the time the store was leased he retained possession of the cellar to which the door furnished access, made

a case for the jury whether Robie did in fact retain possession of and exercise control over the platform. Our cases, including *Place* v. *Grand Trunk Ry. Co.*, 82 Vt. 42, 71 Atl. 836, cited by the defendants, are not to the contrary. They go no further than to hold that subsequent repairs are not admissible to show negligence.

At the close of the plaintiff's evidence the defendants moved that she be required to elect which defendant she would proceed against and excepted to the action of the court in overruling the motion. This was not error. The defendants were jointly charged with the tort and could be held jointly or severally liable as the evidence warranted when the case should go to the jury. See *Wright* v. *Cooper et al.*, 1 Tyler 425; *Moulton* v. *Moore*, 56 Vt. 700.

At the close of the plaintiff's evidence, and again at the close of all the evidence defendant Robie moved for a directed verdict on several grounds, which can be summarized as that there was no evidence in the case tending to show actionable negligence on his part, and excepted to the action of the court in overruling his motion. It was urged in support of this motion that there was no evidence tending to show a duty owed by defendant Robie to the plaintiff nor any shortage of duty; that on all the evidence Robie had let the store to which the platform was appurtenant to Slayton and had parted with his right to make repairs upon it; and that he was not liable for failure to keep the platform in repair while in the control of Slayton under the lease. For convenience we consider the exception in connection with an exception to the charge.

The court charged the jury that if each defendant was negligent and their negligence combined to cause plaintiff's injury, they could be held jointly liable. The defendants excepted on the ground that there was no evidence ending to show joint liability. The plaintiff relies upon the rule that where the negligence of two or more persons concur in producing a single injury, such persons are jointly liable, although there is no common duty, common design or concert of action. She urges in support of the charge that Robie owed a duty to the plaintiff as part of the general public, whom he knew or ought to have known would use the platform; that Slayton owed a duty to her as a customer; and that each failed in his duty, producing a single injury.

The evidence of the use of the platform by the public was that there was no side walk on that side of the street and that sometimes persons passing in the street would cross the platform. Robie testified on this subject that a few times in the spring when the street was muddy he had seen passers-by cross the platform to avoid the mud, and that he did not forbid such use though he supposed he had a right to do so. If this evidence was sufficient to raise a duty on the part of Robie toward travelers in the highway, which we do not decide, it cannot avail the plaintiff as she was not there in the claimed right of the public but at the invitation of Slayton. On the case presented the measure of Robie's duty to the plaintiff was that of an invitee of Slayton. It remains to consider whether in any aspect of the case the defendants were jointly liable.

Negligence can only spring from unperformed duty; so in actions therefor, it is of primary importance to inquire whether the alleged duty is owed by the defendant to the plaintiff. Liability for an injury due to defective premises ordinarily depends upon power to prevent the injury by making repairs and therefor rests primarily upon him who has control and possession of the premises. In the absence of agreement the landlord is not bound to make repairs. See *Brown* v. *Burrington*, 36 Vt. 40.

It is a well-settled general rule that persons who claim damages on the ground that they are invited into a dangerous place in which they receive injuries must seek their remedy against the person who invited them, and there is nothing in the relation of the landlord and tenant which changes this rule. Thus, as between landlord and tenant, it is the duty of the latter, in the first instance, to see that the premises occupied by him are safe for those coming there by his invitation, express or implied; and persons injured must seek redress from the tenant and not from the landlord. A tenant having entire control of the premises is, so far as third persons are concerned, deemed the owner. He is *prima facie* liable for injuries to others occasioned by neglect to keep the premises in repair. 16 R. C. L. 1095-1097.

Whatever the rule may be in case the landlord has covenanted to make repairs, where there is no such agreement it is well settled that the landlord is not liable for an injury to third persons due to a defective condition of the premises arising subsequent to the letting and while the premises are out of his con-

trol and possession.   See *Blood* v. *Spaulding*, 57 Vt. 422; 16 R. C. L. 1063; 3 Shearman & Redfield, Neg. § 708.

But it is equally well settled that if the landlord while renting premises retains portions thereof under his control the responsibility for injuries to persons rightfully there is his and not the tenants.   He is liable not in his character as lessor but as owner and occupant.   He owes a duty to his tenants and those on the premises at their invitation to keep such undemised parts reasonably safe.   16 R. C. L. 1072; *Readman* v. *Conway*, 126 Mass. 374; *Coupe* v. *Platt*, 172 Mass. 458, 52 N. E. 526, 70 Am. St. Rep. 293; *Shoninger Co.* v. *Mann*, 219 Ill. 242, 76 N. E. 354, 3 L. R. A. (N. S.) 1097; 3 Shearman & Redfield on Neg. § 710.

These general propositions are supported by the cases cited in the briefs and by many others not cited.. Indeed, they are too well recognized to require extended citation of authorities.

Applying these principles it is evident that a joint recovery could not be had on the evidence in this case.   If the platform was included in the premises leased by Slayton and so passed into his sole control, Robie would not be liable; but if the platform remained in Robie's control and possession, Slayton would not be liable.   The case is barren of facts showing joint liability, as to which see *Drown* v. *N. E. Tel. & Tel. Co. et al.*, 80 Vt. 1, 11, 66 Atl. 801.   It was therefore error to submit that question to the jury.

The motion for a directed verdict was properly overruled. As we have seen, direct evidence was not necessary to show that Robie retained control of the platform, but ·the fact may be inferred from the circumstances.   On all the evidence the question was for the jury under proper instructions.

Defendants have briefed certain other exceptions to the charge, but they do not require special notice.   So far as the questions raised are liable to arise on a new trial they are sufficiently covered by what we have already said.   They also brief certain exceptions saved to argument of counsel; but it is not at all probable that the same questions will arise on the retrial and it would be unprofitable to examine them.

The defendants excepted to the submission of plaintiff's wages as an element of damages on the ground that there was no evidence as to what her earning capacity had been nor as to to what she had received as wages in any employment.   The court told the jury that there was no evidence as to the wages

she had been earning or was capable of earning but permitted them to estimate her damages in that regard on the evidence showing the nature of the employment she had been engaged in. The extent of the evidence thus referred to was plaintiff's statement, in answer to the question whether before the time of the accident she had any particular occupation, that she was a piano player and the further statement that the year before she was hurt she worked for Mr. Robie, but in what capacity did not appear. It is enough to say that this evidence was wholly inadequate to afford the basis of such an inference as plaintiff contends the jury were entitled to draw. The manifest shortage of evidence can readily be supplied on retrial which renders further discussion of the question unnecessary.

*Reversed and remanded.*