NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 61

No. 22-AP-062

| | |
|---|---|
| Gail Haupt and Thomas Raftery | Supreme Court |
| v. | On Appeal from<br>Superior Court, Chittenden Unit, |
| Daniel S. Triggs and Daniel S. Triggs, Attorney at Law | Civil Division |
| v. | September Term, 2022 |
| Liam L. Murphy, Esq., Elizabeth Filosa, Esq., and<br>MSK Attorneys | |

Samuel Hoar, Jr., J.

Daniel S. Triggs, Pro Se, Milton, Defendants Third-Party Plaintiffs-Appellants.

Evan A. Foxx of Heilmann, Ekman, Cooley & Gagnon, Inc., Burlington, for
  Third-Party Defendants-Appellees.


PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.


¶ 1. **REIBER, C.J.** This appeal stems from third-party claims in a legal-malpractice action. Plaintiffs Gail Haupt and Thomas Raftery filed suit against defendant, attorney Daniel S. Triggs, who represented plaintiffs in a property dispute. Triggs filed a third-party complaint for contribution and indemnification against third-party defendants, Liam L. Murphy, Elizabeth J. Filosa, and MSK Attorneys, who succeeded Triggs as counsel to plaintiffs in the property matter. Third-party defendants filed a motion to dismiss Triggs's complaint, and the civil division granted their motion. Triggs appeals this dismissal. We affirm.

¶ 2.     Triggs's third-party complaint alleges the following.  Plaintiffs hired Triggs to represent them in a land-ownership dispute with their neighbors.  Triggs took certain actions on behalf of plaintiffs, including sending a letter in 2016 to neighbors asserting that neighbors were encroaching on plaintiffs' land and threatening litigation against neighbors, but never filed a lawsuit on plaintiffs' behalf.  In 2018, neighbors filed a lawsuit against plaintiffs asserting ownership over the disputed land by adverse possession, and plaintiffs hired third-party defendants to represent them.  The adverse-possession lawsuit eventually settled.  Plaintiffs then filed this malpractice action against Triggs, alleging that he was liable for legal malpractice by allowing 12 V.S.A. § 501's statute of limitations for recovery of lands to run without filing an ejectment suit against neighbors, thereby enabling neighbors to bring an adverse-possession claim.  Plaintiffs sought to recover their costs and attorneys' fees associated with the adverse-possession suit. Triggs, in turn, filed the instant third-party complaint against third-party defendants for indemnity and contribution, alleging that the underlying adverse-possession suit against plaintiffs was meritless and that third-party defendants should have obtained a merits judgment instead of settling.  Accordingly, Triggs asserted that third-party defendants should bear some or all responsibility for the costs and fees that plaintiffs are seeking to recover from Triggs.

¶ 3.     Third-party defendants filed a Vermont Rule of Civil Procedure (12)(b)(6) motion to dismiss the third-party complaint in September 2021, and the civil division granted this motion in October 2021.  While the dismissal of the third-party complaint did not dispose of all claims against all parties, upon third-party defendants' motion, the civil division entered final judgment in February 2022 under Vermont Rule of Civil Procedure 54(b), determining there was no just reason for delay.  The civil division concluded that Triggs had failed to allege any relationship between himself and third-party defendants that might give rise to an implied right of indemnity, and that his claim "is at best a claim for contribution among joint tortfeasors, which Vermont law does not recognize."

2

¶ 4. On appeal, Triggs urges this Court to overturn its longstanding precedent regarding contribution and indemnity because present circumstances and equity require it. We decline to do so and affirm the civil division's dismissal.

¶ 5. This Court "review[s] the trial court's disposition of a motion to dismiss de novo, and may affirm on any appropriate ground." Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575, 959 A.2d 990 (mem.). A motion to dismiss may be granted "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief," Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420, 115 A.3d 1009 (quotation omitted), see V.R.C.P. 12(b)(6), and, in deciding the motion, "the court must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 10, 209 Vt. 514, 208 A.3d 609. "The purpose of a dismissal motion is to test the law of the claim, not the facts which support it." Id. (quotation omitted).

¶ 6. Triggs argues that two theories of liability sustain his claims: (1) contribution and (2) third-party indemnification. "The [no-contribution] doctrine is rooted in two cases, Spalding v. Oakes, 42 Vt. 343 (1869) and Atkins v. Johnson, 43 Vt. 78 (1870)." Howard v. Spafford, 132 Vt. 434, 435, 321 A.2d 74, 75 (1974). We have repeatedly reaffirmed this rule. See id.; Levine v. Wyeth, 2006 VT 107, ¶ 39, 183 Vt. 76, 944 A.2d 179; Peters v. Mindell, 159 Vt. 424, 427, 620 A.2d 1268, 1270 (1992).

¶ 7. Triggs urges this Court to overturn its longstanding no-contribution precedent. He "does not seriously question that the present law of Vermont precludes contribution among joint tortfeasors, intentional or negligent." Howard, 132 Vt. at 435, 321 A.2d at 74-75. "[A]lthough we are not 'slavish adherents' to [the doctrine of stare decisis], neither do we lightly overturn recent precedent, especially where the precedent could be changed easily by legislation at any time." O'Connor v. City of Rutland, 172 Vt. 570, 570, 772 A.2d 551, 552 (2001) (mem.). To

3

overturn precedent, "we generally require more than mere disagreement." State v. Berini, 167 Vt. 565, 566, 701 A.2d 1055, 1056 (1997) (mem.).

¶ 8. Triggs argues that Vermont's no-contribution rule should not apply to claims brought by prior counsel against successor counsel in legal-malpractice suits. He cites cases from California, Illinois, Maine, Massachusetts, Maryland, Washington, and Wisconsin, where courts allowed contribution claims under similar circumstances, and he discusses the public-policy concerns underlying these cases. Unlike Vermont, however, those jurisdictions recognized contribution, either by statute or at common law, at the time these cases arose. See Am. Motorcycle Ass'n v. Superior Ct., 578 P.2d 899, 914 (Cal. 1978) (discussing legislative history of California's contribution statute); Goran v. Glieberman, 659 N.E.2d 56, 58 (Ill. App. Ct. 1995) (discussing statute of limitations in contribution actions); Packard v. Whitten, 274 A.2d 169, 179-80 (Me. 1971) (discussing Maine's common-law contribution rule); Maddocks v. Ricker, 531 N.E.2d 583, 602 (Mass. 1988) (analyzing third-party contribution claim); Parler & Wobber v. Miles & Stockbridge, 756 A.2d 526, 533-34 (Md. 2000) (discussing contribution); Schauer v. Joyce, 429 N.E.2d 83, 85 (N.Y. 1981) (holding that third-party complaint's contribution claim was valid cause of action); Pappas v. Holloway, 787 P.2d 30, 38 (Wash. 1990) (en banc) (discussing third-party contribution claim); Brown v. LaChance, 477 N.W.2d 296, 302 (Wis. Ct. App. 1991) (discussing elements of contribution under Wisconsin law). Because these jurisdictions allow contribution and Vermont does not, the cases cited by Triggs do not guide our analysis here.

¶ 9. We have for decades declined to revisit our no-contribution rule, "preferring not to 'substitute judicial fiat for legislative action.' " Levine, 2006 VT 107, ¶ 39 (quoting Howard, 132 Vt. at 435, 321 A.2d at 75). Triggs cites no Vermont authority supporting his argument that this Court should overturn its well-settled precedent regarding contribution, and, even if he did so, we are not inclined to weigh the comparative merits of competing public-policy arguments, which is

4

a matter best left to the Legislature. See id. (noting that "we will allow the Legislature to determine which approach [to contribution] is best").

¶ 10. We now turn to Triggs's indemnity claim. According to our precedents, "indemnity is a right accruing to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another." Morris v. Am. Motors Corp., 142 Vt. 566, 576, 459 A.2d 968, 974 (1982). "Unlike contribution in which liability is shared by joint tortfeasors, the right of indemnity shifts the entire loss upon the real wrongdoer." Peters, 159 Vt. at 428, 620 A.2d at 1270. In Vermont, indemnity arises in two ways: (1) through "an express agreement by one party to indemnify the other, or (2) [because] the circumstances are such that the law will imply such an undertaking." Id. at 427, 620 A.2d at 1270. The latter, "[i]mplied indemnity[,] will apply only when the party seeking indemnity is vicariously or secondarily liable to the third person because of a legal relationship with the third person or because of the party's failure to discover a dangerous condition caused by the indemnifying party." Hemond v. Frontier Commc'ns of Am., Inc., 2015 VT 67, ¶ 11, 199 Vt. 272, 123 A.3d 1176 (quotation omitted). "[I]ndemnity is imputed only when equitable considerations concerning the nature of the parties' obligations to one another or the significant difference in the kind or quality of their conduct demonstrate that it is fair to shift the entire loss occasioned by the injury from one party to another." Hemond v. Frontier Commc'ns of Am., Inc, 2015 VT 66, ¶ 9, 199 Vt. 259, 122 A.3d 1205 (quotation omitted). Lastly, "[i]t is axiomatic that a party seeking implied equitable indemnity may recover only where its potential liability is vicariously derivative of the acts of the indemnitor and it is not independently culpable." Heco v. Foster Motors, 2015 VT 3, ¶ 10, 198 Vt. 377, 114 A.3d 902.

¶ 11. Because Triggs does not allege that third-party defendants expressly agreed to indemnify him, his indemnity claim will survive only if implied by a legally cognizable

5

relationship. Triggs has alleged no legally cognizable relationship linking him to third-party defendants and, therefore, his indemnification claim must fail as a matter of law.

¶ 12.   We addressed indemnification in Peters v. Mindell, a case involving a third-party complaint for the defective construction of a house. There, the purchasers of the house sued the sellers of the same. The sellers then filed a complaint against the third-party defendants with whom the sellers contracted to build the house. The trial court granted summary judgment to the builders, concluding that an implied right of indemnification did not arise from the relationship between the sellers and the builders. We reversed, holding that the sellers' indemnification claim did not fail as a matter of law because the contract between the sellers and the builders "created a legal relationship sufficient to impose an obligation of indemnity." Peters, 159 Vt. at 429, 620 A.2d at 1271. Here, Triggs does not allege that any legal relationship—contractual or otherwise—existed between him and third-party defendants, and the civil division found that no legal relationship existed between the two parties. Instead, Triggs alleges that third-party defendants' independent actions caused plaintiffs' injury. This is not a basis for implied indemnity.

Affirmed.

FOR THE COURT:

_____

Chief Justice

6