NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 11

No. 22-AP-082

| | |
|---|---|
| Tina Fleurrey | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Lamoille Unit, |
| | Civil Division |
| | |
| Department of Aging and Independent Living et al. | October Term, 2022 |

Mary Miles Teachout, J. (Ret.)

Richard R. Goldsborough and Gregory A. Weimer of Kirkpatrick & Goldsborough, South
  Burlington, for Plaintiff-Appellant.

Victoria M. Hone of Facey Goss & McPhee, P.C., Rutland, for Defendant-Appellee 3378 VT
  Route 12, LLC.

PRESENT: Reiber, C.J.,* Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **EATON, J.** Plaintiff appeals from the civil division's dismissal of her negligence claim against defendant landlord 3378 VT Route 12 LLC, which alleged that landlord was responsible for the drowning death of decedent Scott Fleurrey, a fifty-four-year-old man with developmental disabilities, on the property that landlord leased to decedent's caretakers, Upper Valley Services (UVS) and Azwala Rodriguez. The question on appeal is whether the civil division properly dismissed plaintiff's claim. We conclude that it did and therefore affirm.

---

* Chief Justice Reiber was present for oral argument but did not participate in this decision.

¶ 2. Plaintiff's complaint alleges the following. In April 2019, Scott Fleurrey died by drowning in an unfenced pond 100 feet from the Morristown, Vermont, home in which he lived with a caretaker. Decedent's disabilities diminished his capacity to recognize dangers. In April 2021, decedent's sister and estate administrator, Tina Fleurrey, sued several defendants, including UVS, who supervised Mr. Fleurrey's care for over twenty-five years; Azwala Rodriguez, his live-in caretaker at the time of his death; and 3378 VT Route 12 LLC, the landlord of the property at 3378 Elmore Road (the Elmore Road property), which was, "[a]t all times relevant to this complaint, . . . rented or leased . . . to UVS and/or Rodriguez."

¶ 3. Count III of the complaint alleged that landlord failed to fence the pond, thereby negligently failing to keep the property free of unreasonably dangerous conditions which it knew to exist. In July 2021, landlord filed a Vermont Rule of Civil Procedure 12(b)(6) motion to dismiss Count III, arguing that it owed decedent no duty to fence the pond at the Elmore Road property. In January 2022, the civil division granted landlord's dismissal motion, concluding that landlord did not owe a duty to construct a barrier around an open and obvious water source, even where it knows that an individual with limited capacity and judgment would be invited to the property. In March 2022, following the civil division's denial of her January 2022 reconsideration motion, plaintiff appealed to this Court from the civil division's dismissal of Count III. The civil division certified its January dismissal order under Vermont Rule of Civil Procedure 54(b), allowing courts to "direct the entry of a final judgment as to one or more but fewer than all of the claims [in] or parties" to a suit, because that order addressed only Count III of plaintiff's multi-count complaint.

¶ 4. This Court "review[s] the trial court's disposition of a motion to dismiss de novo, and may affirm on any appropriate ground." Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575, 959 A.2d 990 (mem.). A motion to dismiss may be granted "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420, 115 A.3d 1009 (quotation omitted). In deciding the motion, "the

2

court must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 10, 209 Vt. 514, 208 A.3d 609. "The purpose of a dismissal motion is to test the law of the claim, not the facts which support it." Id. (quotation omitted). "Because this threshold a plaintiff must cross in order to meet our notice-pleading standard is such a low one, motions to dismiss for failure to state a claim are disfavored and should be rarely granted." Id. (quotation and brackets omitted). "[W]hether there is a cognizable legal duty that supports a particular tort action depends on a variety of public policy considerations and relevant factors." Deveneau v. Wielt, 2016 VT 21, ¶ 8, 201 Vt. 396, 144 A.3d 324 (quotation and brackets omitted). Being "a question of fairness," the court considers "the relationship of the parties, the nature of the risk, . . . the public interest at stake, and the foreseeability of the harm." Id. (quotation omitted). Moreover, "[i]mplicit in these considerations is the basic tort rule that duty is measured by undertaking." Id. (quotation omitted). Finally, "[t]he existence of a duty is primarily a question of law" and "[a]bsent a duty of care, an action for negligence fails." Id. (quotation omitted).

¶ 5. Plaintiff argues on appeal that the civil division erred by misunderstanding the controlling law because landlord owed decedent a duty to protect and because the civil division drew inferences favorable to landlord. In support of her argument, plaintiff relies mainly on §§ 343 and 343A of the Restatement (Second) of Torts. We hold that the civil division properly granted landlord's dismissal motion because (1) our precedents require an invitee to seek redress for injuries sustained on negligently maintained property from the land possessor who invited the injured invitee to the defective property, rather than from the absentee landlord; (2) §§ 343 and 343A are inapplicable here because those Restatement sections address only land possessors, and plaintiff did not allege that landlord was the possessor of the Elmore Road property; and (3) no duty can arise where, as here, a plaintiff does not allege that a legal relationship existed between a decedent and a landlord.

3

¶ 6. We addressed this issue more than a century ago in <u>Beaulac v. Robie</u>, 92 Vt. 27, 108 A. 88 (1917). In that case, the plaintiff was injured when she fell through a platform outside of two connected buildings owned by the defendant. The defendant operated a gristmill in one building and rented the other building to two tenants. The first tenant used the first-floor unit as a storefront, and the second tenant used the second-floor unit as a tenement. The plaintiff suffered injuries when she fell through a defective platform on her way into the first-floor store, and sued both the landlord and the first-floor tenant for negligence.

¶ 7. In holding that the plaintiff's suit could not be sustained against the landlord, we explained that "[n]egligence can only spring from unperformed duty; so in actions therefor, it is of primary importance to inquire whether the alleged duty is owed by the defendant to the plaintiff," <u>id</u>. at 32, 108 A. at 90, a rule that we repeated ninety-nine years later in <u>Deveneau</u>, 2016 VT 21, ¶ 8 ("Absent a duty of care, an action for negligence fails."). We explained further in <u>Beaulac</u> that "[l]iability for an injury due to defective premises ordinarily depends upon power to prevent the injury by making repairs, and therefor rests primarily upon him who has control and possession of the premises." <u>Beaulac</u>, 92 Vt. at 32, 102 A. at 90. We wrote, in the final analysis, that

> [i]t is a well-settled general rule that persons who claim damages on the ground that they are invited into a dangerous place in which they receive injuries must seek their remedy against the person who invited them, and there is nothing in the relation of the landlord and tenant which changes this rule. Thus, as between landlord and tenant, it is the duty of the latter, in the first instance, to see that the premises occupied by him are safe for those coming there by his invitation, express or implied; and persons injured must seek redress from the tenant and not from the landlord. A tenant having entire control of the premises is, so far as third persons are concerned, deemed the owner. He is <u>prima facie</u> liable for injuries to others occasioned by neglect to keep the premises in repair.

<u>Id</u>. (emphasis in original). Because the plaintiff was invited by the first-floor tenant, who possessed and controlled the property, rather than by the landlord, who neither possessed nor controlled the

property, any duty running from the plaintiff to another party ran therefrom to the first-floor tenant instead of to the landlord.

¶ 8. While Beaulac dealt with a defective platform, rather than an unfenced pond, the holding in that decision applies to the instant case. Here, plaintiff, representing caretakers' late invitee, who perished while under caretakers' supervision on the property that caretakers leased from landlord, must seek redress from those who invited decedent to the property because the property was in their possession and under their control. Vermont law has recognized this rule for more than a century, and we find no reason to disturb this longstanding precedent now.

¶ 9. In support of the claim that landlord owed a duty to decedent, plaintiff relies on §§ 343 and 343A of the Restatement (Second) of Torts, covering duties that land possessors owe to their invitees. Neither of the Restatement sections is applicable here because plaintiff did not allege that landlord was the possessor of the Elmore Road property.

¶ 10. Section 343 of the Restatement (Second) of Torts reads:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

¶ 11. Section 343 "should be read together with § 343A." Restatement (Second) of Torts § 343 Reporter's Notes, cmt. a. Section 343A states, in relevant part, that

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Section 343A, comment f, also relied upon by plaintiff, provides, in relevant part, that "[t]here are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger."

¶ 12. While we have followed § 343 in Vermont, see LeClair v. LeClair, 2017 VT 34, ¶ 11, 204 Vt. 422, 169 A.3d 743, this section, along with § 343A, addresses only "possessor[s] of land." Because plaintiff did not allege that landlord was the possessor of the Elmore Road property during the relevant period of time, §§ 343 and 343A are inapplicable here. A land possessor is:

> (a) a person who is in occupation of the land with intent to control it or
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

Restatement (Second) of Torts § 328E; see also Possessor, Black's Law Dictionary (11th ed. 2019) ("Someone who has possession of real or personal property; esp., a person who is in occupancy of land with the intent to control it or has been but no longer is in that position, but no one else has gained occupancy or has a right to gain it.").

¶ 13. Plaintiff alleges on appeal that "at the time [landlord] rented or leased the Elmore Road [p]roperty to either UVS or Rodriguez, [landlord's] employees, agents or members knew or should have known, it would be used as a care home for a severely developmentally disabled individual." Plaintiff's initial complaint alleged that "[a]t all times relevant to this Complaint, [landlord] rented or leased [the Elmore Road] property to UVS and/or Rodriguez." In other words, plaintiff alleges that caretakers, rather than landlord, were possessors of the Elmore Road property during the relevant period. Because plaintiff did not allege that landlord was the possessor of the Elmore Road property when decedent suffered his fatal injury, and §§ 343 and 343A apply only to land possessors, these Restatement sections are inapplicable to the instant case.

¶ 14.   For § 343 claims to survive dismissal motions, plaintiffs must allege legal relationships linking land possessors to either plaintiffs or plaintiffs' decedents.  Here, plaintiff neither alleged that a legal relationship existed between landlord and decedent nor sought her remedy with the land possessor.  Her claim against landlord must therefore fail.

¶ 15.   Plaintiff argues further that landlord is liable for decedent's death because Vermont courts consider the extent to which a defendant could foresee a potential harm when determining whether one party owed a legal duty to another party.  Plaintiff asserts, citing no authority, that "[f]oreseeability is generally an issue for the jury."  Because foreseeability is a jury issue, plaintiff argues, the civil division improperly granted landlord's dismissal motion.  We decline to adopt plaintiff's reasoning because alleging foreseeable harm cannot sustain a negligence action where no legal relationship is alleged to have existed between parties.

¶ 16.   While Vermont courts consider foreseeability in determining whether one party owed a duty to another party in a negligence suit, Deveneau, 2016 VT 21, ¶ 8, a legal relationship must be alleged between parties before a court may reach the question of duty, see Haupt v. Triggs, 2022 VT 61, ¶ 12, __ Vt. __, __ A.3d __ (holding that no indemnification duty can arise where no legal relationship is alleged to have existed between parties).  As we noted in Deveneau, "[f]oreseeability of injury, in and of itself, does not give rise to a duty."  2016 VT 21, ¶ 18 (quotation omitted) (emphasis in original).  Moreover, we recently had occasion to express our doubt about whether foreseeability is a jury issue.  See Stopford v. Milton Town Sch. Dist., 2018 VT 120, ¶ 20, 209 Vt. 171, 202 A.3d 973 ("Contrary to plaintiffs' argument that the issue of foreseeability belongs before a jury, summary judgment is appropriate when the record before the court clearly shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (quotation omitted)). Regardless of whether foreseeability is a jury issue, as plaintiff claims, alleging foreseeable harm cannot create a legal relationship between parties who, in the eyes of the law, are strangers, and then retroactively extend a duty

7

from the one legal stranger to the other. This principle is implicit in our decision in Beaulac. As we wrote in that case, "[a] tenant having entire control of the premises is, so far as third persons are concerned, deemed the owner." Beaulac, 92 Vt. at 32, 102 A. at 90. Where a tenant's invitee suffers injuries on property within the tenant's control, the injured invitee stands in a legal relationship only to the tenant. Because legal relationships serve as the foundation for legal duties, no such duties can run in the absence of such relationships.

¶ 17. Plaintiff's theory would immunize negligence claims alleging foreseeable harm against dismissal motions even where, as here, plaintiffs do not allege the parties to have been linked by a legal relationship. Courts may reach the duty question, where they may properly consider foreseeability, only where a legal relationship linking one party to the other is alleged because legal duties are dependent upon and coextensive with legal relationships. Haupt, 2022 VT 61, ¶ 12; Deveneau, 2016 VT 21, ¶ 18.

¶ 18. Lastly, plaintiff argues that the civil division erred in drawing three inferences favorable to landlord: "[f]irst, the court made an inference that the landlord would not have reason to expect that Scott Fleurrey would nevertheless suffer physical harm from the pond because he lived with a caretaker at the property"; second, the civil division inferred "that the care provider would have Scott Fleurrey under her immediate supervision at all times"; and third, the civil division inferred "that the pond is a 'natural' pond."

¶ 19. As noted above, in considering a motion to dismiss, "the court must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." Montague, 2019 VT 16, ¶ 10. However, an improper inference is harmless where the inference's omission would not have changed the relevant outcome. See V.R.C.P. 61; see also Lasek v. Vt. Vapor, Inc., 2014 VT 33, ¶ 24, 196 Vt. 243, 95 A.3d 447 (determining that "the court's error was harmless because plaintiff has not shown that admission of the [erroneously excluded] testimony would have changed the outcome of the case"). Because omitting these inferences

8

would not have changed the outcome of landlord's dismissal motion, the inferences were harmless. Because the inferences were harmless, we need not decide whether they were erroneous.

¶ 20.    Regardless of whether the civil division made the aforementioned suite of inferences in error, plaintiff's claims cannot survive a dismissal motion, as explained above, because (1) our precedents require an invitee to seek redress for injuries sustained on negligently maintained property from the land possessor who invited them to the defective property, rather than from the absentee landlord; (2) §§ 343 and 343A are instantly inapplicable because plaintiff did not allege that landlord was the possessor of the Elmore Road property; and (3) no duty can arise where, as here, no legal relationship is alleged to have linked the parties.  The inferences were harmless because plaintiff's claim would not survive a dismissal motion in their absence.

Affirmed.

FOR THE COURT:

_____
Associate Justice

9