Filed 02/10/26

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01112

---

Giovanni Vecchiarino v. Margit Ridgway, et al

---

## Ruling on Defendant Margit Ridgway's Motion for Summary Judgment (Motion # 22)

In this personal injury action, Plaintiff Giovanni Vecchiarino alleges that he was injured when Defendant Seton King hit a golf ball in an indoor golf simulator room, and the golf ball ricocheted and struck Plaintiff. The incident took place at a property allegedly owned by Defendant Margit Ridgway, who had purportedly leased the premises to Defendant Snow Mansions, LLC ("Snow"). Ridgway moves for summary judgment based on the theory that she had no duty toward Vecchiarino because Snow had taken complete control of the premises.

### Procedural Standard

Summary judgment is appropriate if the evidence in the record, referred to in the statements required by V.R.C.P. 56(c), shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. V.R.C.P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994). The Court derives the undisputed facts from the parties' statements of fact submitted under V.R.C.P. 56(c) and any supporting documents and affidavits. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427. "Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case." *Caldwell v. Champlain Coll. Inc.*, 2025 VT 17, ¶ 7 (quotation omitted). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue," and courts "give the nonmoving party the benefit of all reasonable doubts and inferences." *Id.* (quotations omitted). Summary judgment is "mandated," however, "where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party has the burden of proof at trial." *Id.* (quotation omitted).

### Facts

The following facts are undisputed unless otherwise noted. At the time of the events that precipitated this complaint, Ridgway owned the property in question, in which the golf simulator room was located. Prior to that time, Ridgway had entered into

1

a contract to sell the property to Steel Work Realty Ventures. Exh. B at 1. The parties substituted PS Dover Properties LLC as the purchaser, and due to ongoing permitting issues, the parties agreed that Ridgway would rent the property to the purchaser or its assignees while she attempted to resolve the permitting issues, "allowing the purchaser to perform needed maintenance and improvement to the property while relieving the seller of the burden and expense of managing the property until a closing" could occur. *Id.* In accordance with that understanding, Ridgway entered into a lease agreement with Snow (as assignee) for the premises at 2 Margit Ridgway Road in Dover, Vermont. *Id.*

Under the terms of the lease, Snow was to pay Ridgway $75,000 for the term of the lease, beginning on May 11, 2021 and ending on May 11, 2024. *Id.* at 2. The lease agreement specified that Snow would use the premises "as long and short term residential rental property and for camps or other gatherings" and was "entitled to all income therefrom without accounting to" Ridgway. *Id.* Snow agreed to "be responsible for all maintenance of and repairs to the Premises." *Id.* at 3. Snow was also responsible for utilities and taxes, and could make alterations, remodel, or renovate the premises at its cost and without further approval. *Id.* Snow was also required to purchase and maintain liability insurance for injury claims related to the premises. *Id.* at 3–4.

Ridgway had no involvement with the rentals of the premises once Snow began conducting rentals. Exh. C at 66. The fraternity rented the premises on or around December 20, 2021. Complaint, ¶ 6. It is undisputed that Vecchiarino sustained his injury in the golf simulator room on the premises on or about December 20, 2021.

Plaintiff asserts that Ridgway placed a sign on the door of the golf simulator room indicating that it was broken, gave "the renters" a tour of the premises, and told them that they should not use the room. Exh. 2, responses to ¶¶ 5 and 32.[1]

Discussion

Ridgway contends that although she remained the titled owner of the premises until the sale was finalized, she had no control of the premises and was not involved in Snow's rental business, including the rental to Plaintiff's fraternity on the weekend of

---

[1] Plaintiff filed a Response to Defendant Margit Ridgway's Statement of Undisputed Material Facts that did not include "specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute" to Exhibits 1 and 4. V.R.C.P. 56(c)(2). Plaintiff also did not file a separate statement of disputed facts with specific citations to these materials, which he included with his opposition filings and to which he refers in his Opposition Motion to Defendant Ridgway's Motion for Summary Judgment with Request for Hearing ("Opposition"). See V.R.C.P. 56(c)(2) ("To the extent that the responding party asserts that there are additional material facts that should be considered, the party may file a separate and concise statement of additional material facts in numbered paragraphs, with specific citations to particular parts of admissible materials in the record.") The Court construes Plaintiff's reference to Exhibits 1 and 2 in his Opposition as an attempt to dispute Ridgway's assertion that she was not in possession or control of the premises and that she did not have anything to do with the rental to the fraternity.

the incident that resulted in Plaintiff's injury. Essentially, Ridgway's argument is that the evidence shows that she had turned over control of the premises and its rental business to Snow, and conversely, that there is no evidence that shows that she had a duty toward Plaintiff as Snow's invitee.

"Common law negligence has four elements: a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to the plaintiff, and a causal link between the breach and the injury." *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 6, 197 Vt. 176 (quoting *Zukatis v. Perry,* 165 Vt. 298, 301 (1996). "The existence of a duty 'is primarily a question of law.'" *Id.* (quoting *Endres v. Endres,* 2008 VT 124, ¶ 11, 185 Vt. 63). "Absent a duty of care, an action for negligence fails." *Deveneau v. Wielt*, 2016 VT 21, ¶ 8, 201 Vt. 396.

Plaintiff notes that "[t]he landowner owes a duty of reasonable care to an invitee, such that the invitee 'is not unnecessarily or unreasonably exposed to danger.'" *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 11 (quoting *Ball v. Melsur Corp.*, 161 Vt. 35, 43 (1993)) (overruled by *Demag* as to the distinction between invitees and licensees). That broad statement in *Demag* occurs within a discussion of the previous distinctions between a landowner's duty toward licensees and invitees under the common law. Importantly, the injured party in *Ball* was making a delivery of wood flour for the defendant's use at the premises owned by the defendant. Neither *Demag* nor *Ball* squarely support the proposition that Plaintiff was Ridgway's invitee for purposes of establishing a duty, or that Ridgway, as owner of the property, automatically had a duty of care to Plaintiff while he was on the premises.

Plaintiff's reliance on *Bardwell Motor Inn, Inc. v. Accavallo*, in which the "plaintiff here had a nondelegable duty to keep its premises reasonably safe," is similarly unavailing. 135 Vt. 571, 573 (1977). In *Bardwell*, the hotel operator had a nondelegable duty toward its guests to keep the premises reasonably safe, when a guest fell through a door from which a contractor had removed a glass panel and failed to advise about the dangerous condition of the door. *Id.* *Bardwell* refers to another case, *Digregorio v. Champlain Valley Fruit Co.*, which Plaintiff also relies upon here. 127 Vt. 562 (1969). In *Digregorio*, an injured customer had a right of action against a grocery store owner even though the cause of the injury was a thermometer that another party, a fruit wholesaler, had left in a piece of fruit. *Id.* Both of these cases are actually about indemnification rights between joint tortfeasors in which one tortfeasor was the person in control of the premises and the other person was responsible for the tort. In both cases, the injured party in the underlying action was a business invitee of the person controlling the premises, a crucial distinction from the current case, in which Plaintiff and the fraternity members were invitees of Snow, the rental company. In *Bardwell* and *Digregorio*, the hotel operator and grocery store operator controlled the premises in which another party performed a task negligently. Those circumstances do not align with the facts in this case.

Plaintiff proffers that Ridgway admits to having put a sign on the door of the golf simulator room and that she showed "renters" the room and told them not to use it. This evidence is equivocal at best, because it does not refer to a date on which she

purportedly placed the sign on the room or whether she is referring to representatives of Snow, or the fraternity, as the "renters." Even if the Court makes all reasonable inferences from this evidence in favor of Plaintiff, the evidence does not render it a dispute of fact that Ridgway, rather than Snow controlled the property under the terms of the lease, and it does not show that Ridgway had assumed a business relationship as premises owner toward the fraternity or Plaintiff. The inferential leap is too great.

Plaintiff argues that he "has alleged that Defendant Ridgway was the owner of the property at the time of the incident." Opposition at 3. Plaintiff points to 12 V.S.A. § 1036, which provides that "[w]here recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of the defendant's causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed." That statute establishes proportional liability when there is recovery against multiple defendants, but it does not establish that Ridgway, as undisputed owner of the property, had control of the premises and a duty to Plaintiff.

Plaintiff urges the Court to apply sections 343 and 343A of the Restatement of Torts (2d). Section 343 provides the following:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> > (c) fails to exercise reasonable care to protect them against the danger.

Restatement (2d) of Torts § 343. Section 343A provides:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

4

Application of the rules stated in these sections of the Restatement, however, would not elevate Ridgway to a possessor of the premises because Plaintiff has not disputed Snow's possession and control of the premises or produced evidence from which the Court could reasonably infer that Ridgway controlled the premises.

The Vermont Supreme Court has noted that "[w]hile we have followed § 343 in Vermont, see *LeClair v. LeClair*, 2017 VT 34, ¶ 11, 204 Vt. 422, 169 A.3d 743, this section, along with § 343A, addresses only 'possessor[s] of land.'" *Fleurrey v. Dep't of Aging & Indep. Living*, 2023 VT 11, ¶ 12, 217 Vt. 527. It noted further that

> [a] land possessor is:
> (a) a person who is in occupation of the land with intent to control it or
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Id.* (quoting Restatement (2d) of Torts § 328E); see also *Possessor*, Black's Law Dictionary (11th ed. 2019) ("Someone who has possession of real or personal property; esp., a person who is in occupancy of land with the intent to control it or has been but no longer is in that position, but no one else has gained occupancy or has a right to gain it."). In the face of Ridgway's evidence that Snow controlled the property, Plaintiff's evidence does not support reasonable inferences that it is a genuine dispute of material fact that Ridgway continued to maintain control of the property such that a duty arose to Plaintiff.[2]

In *Fleurrey*, the Vermont Supreme Court affirmed the trial court's dismissal of a negligence claim against a landlord where the tenant's invitee was injured due to a dangerous condition on the property, and the plaintiff had not alleged a legal relationship to the landlord that would establish the existence of a duty. *Id.*, ¶ 14. Here, Plaintiff's bald allegation in the complaint that the fraternity rented the property from Ridgway and Snow would perhaps survive a motion to dismiss. In the context of this motion for summary judgment, however, Ridgway has backed with evidence the assertion that Snow controlled the property. Plaintiff has not responded by producing evidence that would show that Ridgway, as owner of the premises, had a legal relationship to Plaintiff such that a duty arose.

---

[2] It does not escape the Court's attention that if Plaintiff were correct in his contention that Ridgway's purported note on the door of simulator, and her warning to not use the room, give rise to a legal relationship to Plaintiff that establishes a duty to Plaintiff, she would then have warned Plaintiff about the simulator, and Plaintiff has produced nothing to show that there are disputed facts to support the theory that her duty would have extended beyond such a warning.

It has long been the law in Vermont that "[l]iability for an injury due to defective premises ordinarily depends upon power to prevent the injury by making repairs and therefor rests primarily upon him who has control and possession of the premises." *Id.*, ¶ 7 (quoting *Beaulac v. Robie*, 92 Vt. 27, 32 (1917)). "A tenant having entire control of the premises is, so far as third persons are concerned, deemed the owner." *Id.* (quoting *Beaulac*, 92 Vt. at 32.). Ridgway has demonstrated with reference to admissible evidence that it is undisputed that Snow, as tenant, had control and possession of the premises. The burden thus shifted to Plaintiff, who also has the burden of proving each element of negligence at trial. Plaintiff has not shown that the disputed facts could support the element of duty in his claim against Ridgway. Ridgway is therefore entitled to judgment as a matter of law.

<u>Order</u>

For the reasons stated above, Defendant Ridgway's motion for summary judgment is granted.

Electronically signed: 2/9/2026 1:09:23 PM pursuant to V.R.E.F. 9(d)

John R. Treadwell
Superior Court Judge

6