NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 17

No. 24-AP-274

| | |
|---|---|
| Robert Caldwell | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| Champlain College Incorporated | February Term, 2025 |

Samuel Hoar, Jr., J.

John F. Evers of Shoup Evers & Green, Burlington, for Plaintiff-Appellant.

Jeffrey J. Nolan of Holland & Knight LLP, Boston, Massachusetts, for Defendant-Appellee.


PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.


¶ 1.    **WAPLES, J.**   Employee Robert Caldwell contends that the trial court erred in granting summary judgment on his Fair Employment Practices Act (FEPA) disability-discrimination and promissory-estoppel claims against his former employer Champlain College because genuine issues of material fact precluded summary judgment. We affirm.

¶ 2.    The following facts were identified in Champlain's statement of undisputed material facts and are undisputed by employee. Beginning in September 2016, employee was recruited to join Champlain by the college's then-president Don Laackman. Employee worked for Champlain as Vice President of Advancement and later as Chief Advancement Officer from January 2017 to September 2019.

¶ 3.	Employee's role was essentially that of chief fundraiser. In fiscal year 2018, employee missed his fundraising goal by approximately seventeen percent, and in fiscal year 2019 he missed his goal by more than 56 percent, resulting in a shortfall of more than 2.2 million dollars. In May 2019, employee was diagnosed with chronic kidney disease. He informed President Laackman of his diagnosis that month.

¶ 4.	In June 2019, Laurie Quinn was appointed interim-president for fiscal year 2020, replacing then-president Laackman. In July 2019, she met with employee to discuss his performance. In that meeting, employee told President Quinn that he was "going through some health stuff" or "deal[ing] with health issues." In September 2019, President Quinn fired employee and told him that he was being terminated because of his fundraising numbers.

¶ 5.	In March 2021, employee sued Champlain alleging, in relevant part, disability discrimination under the FEPA and promissory estoppel. The parties engaged in discovery and Champlain moved for summary judgment. The trial court granted Champlain's motion for summary judgment on both claims. Employee appeals.

¶ 6.	On appeal from a grant of summary judgment, we apply the same standard as the trial court. Robertson v. Mylan Lab'ys, Inc., 2004 VT 15, ¶ 15, 176 Vt. 356, 848 A.2d 310. Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a).

¶ 7.	"Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case." Ross v. Times Mirror, Inc., 164 Vt. 13, 18, 665 A.2d 580, 583 (1995). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue." State v. G.S. Blodgett Co., 163 Vt. 175, 180, 656 A.2d 984, 988 (1995). "[W]e give the nonmoving party the benefit of all reasonable doubts and inferences." Daiello v. Town of Vernon, 2022 VT 32, ¶ 29, 217 Vt. 1, 282 A.3d 894 (quotation omitted).

2

"Summary judgment is mandated where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party has the burden of proof at trial." Burgess v. Lamoille Hous. P'ship, 2016 VT 31, ¶ 17, 201 Vt. 450, 145 A.3d 217 (quotation and alterations omitted). "[W]here the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to [summary] judgment." Boyd v. State, 2022 VT 12, ¶ 19, 216 Vt. 272, 275 A.3d 155 (quotation omitted).

## I. Facts

¶ 8. Before we can evaluate whether summary judgment is proper on the record before us, we must determine which facts are properly before the Court. In opposing Champlain's motion for summary judgment, employee did not file his own statement of additional material facts. A party opposing summary judgment who contends that additional material facts must be considered is required[1] to "file a separate and concise statement of additional material facts in numbered paragraphs, with specifics citations to particular parts of admissible records in the material." V.R.C.P. 56(c)(2). The separate statement of facts focuses the court on " 'the facts that [the parties] contend either are or are not in dispute.' " Travelers Ins. Cos. v. Demarle, Inc., 2005 VT 53, ¶ 6, 178 Vt. 570, 878 A.2d 267 (mem.) (quoting Reporter's Notes—1994 Amendment, V.R.C.P. 56).

¶ 9. Employee's failure to file a statement of additional material facts means the Court need not consider any facts outside of Champlain's statement of undisputed material facts in ruling on the summary judgment motion. V.R.C.P. 56(c)(5) ("The court need consider only the materials cited in the required statements of fact."); see also Clayton v. Unsworth, 2010 VT 84, ¶ 28, 188

---

[1] Rule 56(c)(2) provides that "to the extent that the responding party asserts that there are additional material facts that should be considered, the party may file a separate and concise statement of additional material facts in numbered paragraphs, with specific citations to particular parts of admissible materials in the record." (Emphasis added.) Such language reflects the discretion of the party opposing summary judgment to ask the court to consider additional material facts; it does not allow a party opposing summary judgment to decline to put forth their additional facts in a separate statement.

Vt. 432, 8 A.3d 1066 ("Facts that are omitted from [a statement of material facts] are not considered by the court."). A separate statement of material facts has been required by Rule 56 since at least 1994, and amendments to the rule in 2003 made clear that attorneys must include "in their Rule 56(c)(2) statements all of the facts that they have relied on . . . [because] facts that are omitted from their statements will not be considered by the court in ruling on the motion." Reporter's Notes—2003 Amendment, V.R.C.P. 56; see also Reporter's Notes—1994 Amendment, V.R.C.P. 56. The 2022 Amendments also explicitly clarify that "statements of additional facts . . . are to be submitted in a separate statement, with numbered paragraphs." Reporter's Notes—2022 Amendment, V.R.C.P. 56.

¶ 10. We must then turn to employee's response to Champlain's statement of undisputed material facts. Of the 142 facts asserted in the statement of material facts, employee responded[2] "not disputed" or "not disputed [except . . . ]" some caveat, without citing any evidence, for almost all the stated facts. Only two of employee's responses cited any portion of the record to dispute Champlain's asserted facts, and neither disputed fact is material to his claims.

¶ 11. Unless otherwise noted, all facts presented in the analysis below are facts that employee did not dispute in Champlain's statement of undisputed material facts.

## II. FEPA Claim

¶ 12. The FEPA makes it unlawful for an employer to "discriminate . . . against a qualified individual with a disability." 21 V.S.A. § 495(a)(1). Our cases have recognized at least two theories for how to demonstrate disability discrimination: disparate-treatment and failure-to-accommodate. See Hammond v. Univ. of Vt. Med. Ctr., 2023 VT 31, ¶ 37, 218 Vt. 250, 308 A.3d

---

[2] Employee did not comply with V.R.C.P. 56(c)(2), which requires "[t]he responding party [to] reproduce each numbered paragraph of the moving party's statement before including the response thereto." If a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," we may simply "consider the fact undisputed for purposes of the motion." V.R.C.P. 56(e)(2). We decline, in our discretion, to exercise that power here solely due to employee's failure to reproduce each numbered paragraph before including his response.

421 (concluding record was insufficient to demonstrate "plaintiff's employment was terminated because of their disabilities"); Gates v. Mack Molding Co., 2022 VT 24, ¶¶ 17-18, 216 Vt. 379, 279 A.3d 656 (recognizing "duty to provide a reasonable accommodation" as part of disability discrimination claim under the FEPA). These two theories for establishing disability discrimination under the FEPA have different elements. See Hammond, 2023 VT 31, ¶ 35 (explaining elements of prima facie case of disability discrimination under disparate-treatment theory); Gates, 2022 VT 24, ¶ 16 (explaining elements of prima facie case of disability discrimination under failure-to-accommodate theory).

¶ 13. Though employee conflated the two types of disability discrimination claims in his briefing, he clarified at oral argument that he was not bringing a claim based on failure to accommodate. Accordingly, we will evaluate his claim only under a disparate-treatment theory of disability discrimination. See Hammond, 2023 VT 31, ¶¶ 25, 35.

¶ 14. Without direct evidence of unlawful discrimination, which employee has not offered, we apply the three-step framework adopted by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Hammond, 2023 VT 31, ¶ 25. "Under that framework, to avoid summary judgment on a claim of employment discrimination or retaliation, [employee] must first establish a prima facie case by demonstrating that [he] suffered an adverse employment action under 'circumstances which give rise to an inference of unlawful discrimination.' " Id. (quoting Texas Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 253 (1981)). If the employee can establish a prima facie case, the employer then has the burden of production "to articulate some legitimate, nondiscriminatory reason for the challenged conduct." Gauthier v. Keurig Green Mountain, Inc., 2015 VT 108, ¶ 20, 200 Vt. 125, 129 A.3d 108 (quotation omitted). If the employer can proffer a legitimate explanation, the employee then must show that the "proffered reason was a mere pretext for discrimination." Hammond, 2023 VT 31, ¶ 25 (quotations omitted). At all stages in the McDonnell Douglas framework, the employee maintains

the burden of persuading the trier of fact "that the [employer] intentionally discriminated against" him. Robertson, 2004 VT 15, ¶ 18 (quotation omitted).

¶ 15. To establish his prima facie case, employee must show that: (1) he is an individual with a disability; (2) Champlain had notice of his disability; (3) he was "otherwise qualified to perform the job, with or without reasonable accommodations," and (4) he suffered an adverse employment action because of his disability. Hammond, 2023 VT 31, ¶ 35 (alteration and quotation omitted). The "burden of proof in the prima facie case is minimal." Boulton v. CLD Consulting Eng'rs, Inc., 2003 VT 72, ¶ 16, 175 Vt. 413, 834 A.2d 37 (quotation omitted).

¶ 16. Champlain contends that employee cannot establish his prima facie case of disability discrimination. It raises a novel issue of law arguing that employee's performance makes him not "otherwise qualified to perform the job." Hammond, 2023 VT 31, ¶ 35. Because our assessment of this question will not affect the outcome of this case, we decline to decide the issue and assume that employee can establish a prima facie case of discrimination. See In re Investigation Pursuant to 30 V.S.A. Sec. 30 & 209, 2024 VT 58, ¶ 24, __ Vt. __, 327 A.3d 789, cert. denied sub nom. Allco Renewable Energy Ltd. v. Agency of Nat. Res., __ U.S. __, 2025 WL 299521 (2025).

¶ 17. Having so assumed, the burden shifts to Champlain to articulate a "legitimate, nondiscriminatory reason for the challenged conduct." Hammond, 2023 VT 31, ¶ 25 (quotation omitted). Champlain explained to the court and to employee in his termination meeting that he was being fired "based on [his] fundraising numbers." This suffices to meet Champlain's burden.

¶ 18. At the final stage of the burden shifting framework, employee must show that the "proffered reason was a mere pretext for discrimination." Id. (quotations omitted). At summary judgment, "we give the nonmoving party the benefit of all reasonable doubts and inferences." Daiello, 2022 VT 32, ¶ 29 (quotation omitted).

6

¶ 19.    The evidence before the Court is as follows.  Employee was hired in January of 2017.  He worked as chief fundraiser from that time through his termination in September 2019.  For fiscal year 2017, more than 75% of the funds raised were raised by employee's predecessor before employee started.  For fiscal year 2018, employee raised approximately 83% of his target goal.  For fiscal year 2019, employee raised only 43.9% of his target goal, resulting in a shortfall of more than 2.2 million dollars.

¶ 20.    In June of 2019, Champlain's Board Compensation Committee decided not to give employee a raise or a bonus; he was the only member of Champlain's senior leadership who did not receive either for fiscal year 2019.  On July 1, 2019, after the conclusion of fiscal year 2019, Laurie Quinn became Champlain's interim president.  President Quinn sought information regarding Champlain's fundraising numbers beginning in June of 2019, after she knew she would be appointed interim president.  She had identified fundraising performance as an issue of concern for her before she spoke with employee in July.  President Quinn was provided with the fundraising figures at the end of July.

¶ 21.    In her July 18, 2019 meeting with employee, President Quinn reiterated to employee that he had missed his fundraising goal for fiscal year 2019 "by a lot" and that the Compensation Committee's decision not to give him a bonus or raise was a "serious signal."  In late August, President Quinn decided to terminate employee's employment.  After she fired him in early September, President Quinn told the Champlain Board that she had done so.  Various Board members emailed her back to express their support with statements such as "I'm very supportive of this;" "I fully support this;" "Please know I am supportive of your decision;" and "I'm 100% supportive."  There is no evidence in the record that any Board members were aware of employee's health issues.

¶ 22.    Taking the undisputed evidence and giving employee "the benefit of all reasonable doubts and inferences," Champlain is entitled to summary judgment.  Daiello, 2022 VT 32, ¶ 29

7

(quotation omitted). The undisputed evidence establishes that employee substantially missed his fundraising goals for fiscal year 2019, ending June 30, 2019. The incoming president was aware of fundraising deficiencies as she came into office, and she spent some time conducting due diligence regarding those issues in her first few months. She then decided, with support of the Board, to terminate the employee who was responsible for those fundraising deficiencies.

¶ 23. Employee raises several arguments to explain why these undisputed facts nevertheless reveal that Champlain's explanation for his termination is pretextual. First, he argues that another employee who did not meet her goals was not fired. He points to no facts properly before the Court in support of his contention. Second, he argues that his department's budget had been cut, so his poor performance should be excused. Though there are some disputes of fact over the scale of the budget cuts, employee did not explain how any cuts are in any way material to his claim of disability discrimination. Third, employee poses a series of hypothetical questions asking the Court to ponder why events unfolded as they did. But employee points to no evidence before us in support of his questions. If the jury could only find for employee "by relying on speculation," Champlain is entitled to summary judgment. Boyd, 2022 VT 12, ¶ 19 (quotation omitted).

¶ 24. Employee offered no evidence to raise even the barest suggestion that Champlain's decision to terminate him was not for exactly the reasons it stated: employee, who was chief fundraiser, failed to meet his fundraising expectations. Summary judgment was warranted because employee bore the burden of proof to show that Champlain's reason for termination was pretextual, and he failed "to make a showing sufficient to establish the existence of an element essential to [his] case." Burgess, 2016 VT 31, ¶ 17 (quotation and alterations omitted).

### III. Promissory Estoppel Claim

¶ 25. Employee argues that he accepted his offer of employment in reliance on certain promises by Laackman, who recruited employee to join Champlain. Though employee's argument is somewhat unclear, he appears to contend that he was hired for a long-term undertaking, and so

8

Champlain should be estopped from terminating him under a theory of promissory estoppel. The trial court granted summary judgment to Champlain on this claim because it found that employee did not put forth any evidence of an actionable promise.

¶ 26. To establish his promissory estoppel claim, employee must "demonstrate that the termination was in breach of a specific promise made by the employer that the employer should have reasonably expected to induce detrimental reliance on the part of the employee, and that the employee did in fact detrimentally rely on the promise." Dillon v. Champion Jogbra, Inc., 175 Vt. 1, 9, 819 A.2d 703, 707 (2002). " 'Courts have generally required a promise of a specific and definite nature before holding an employer bound by it.' " Pettersen v. Monaghan Safar Ducham PLLC, 2021 VT 16, ¶ 13, 214 Vt. 269, 256 A.3d 604 (quoting Dillon, 175 Vt. at 10, 819 A.2d at 710). A mere " 'expression of intention, hope, desire, or opinion, which shows no real commitment' " does not suffice. Id. (quoting Nelson v. Town of St. Johnsbury Selectboard, 2015 VT 5, ¶ 56, 198 Vt. 277, 115 A.3d 423).

¶ 27. Employee cites no evidence at all in support of his promissory estoppel claim. His brief in opposition to summary judgment before the trial court similarly cited no evidence. Because employee did not introduce evidence of any promise, much less one "of a specific and definite nature," Pettersen, 2021 VT 16, ¶ 13 (quotation omitted), his claim for promissory estoppel fails. We must grant summary judgment where the party with the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to the party's case." Burgess, 2016 VT 31, ¶ 17 (quotation and alterations omitted).

Affirmed.

FOR THE COURT:

_____
Associate Justice

9