VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-04832



Alina Abraham
          Plaintiff

v.

Health Care & Rehabilitation Services
of Southeastern Vermont, Inc.
          Defendant

## Decision on Defendant's Motion to Dismiss

During the early days of the pandemic, many employees worked remotely for a period of time. After the COVID-19 vaccine became available, many employers required at least some of their employees to return to the workplace, and to become fully vaccinated as a condition of continued employment. An issue thereafter arose regarding employees who sought religious exemptions from the vaccination mandate, but were denied, either because they did not adequately explain their religious opposition to the vaccine, e.g., *Taylor v. Milford Regional Med. Ctr., Inc.*, 733 F.Supp.3d 8, 14 (D. Mass. May 10, 2024); *Cagle v. Weill Cornell Medicine*, 680 F.Supp.3d 428, 436 (S.D.N.Y. June 30, 2023); *Friend v. AstraZeneca Pharmaceuticals LP*, 2023 WL 3390820, at *3 (D. Md. May 11, 2023); *McKinley v. Princeton Univ.*, 2023 WL 3168026, at *2 (D.N.J. Apr. 28, 2023), or because the employer determined that it would be an "undue hardship" for the employer to accommodate the employee's request, e.g., *D'Cunha v. Northwell Health Sys.*, 2023 WL 7986441, at *3 (2d Cir. 2023); *Greenberg v. Visiting Nurse Services in Westchester, Inc.*, 2024 WL 4252550, at *7 (S.D.N.Y. Sept. 19, 2024); *Haczynska v. Mount Sinai Health System, Inc.*, 738 F.Supp.3d 300, 321–22 (E.D.N.Y. June 26, 2024); *Pastor v. Mercy Medical Center*, 2024 WL 3029118, at *4–5 (E.D.N.Y. June 17, 2024); *Algarin v. NYC Health + Hospitals Corp.*, 678 F.Supp.3d 497, 509–10 (S.D.N.Y. June 23, 2023).

In this case, plaintiff Alina Abraham was employed by defendant Health Care & Rehabilitation Services of Southeastern Vermont as a supervisor of adult services for vocational and wellness programs. Plaintiff consistently received positive performance reviews and successfully worked remotely for a period of time after the onset of the pandemic. In October 2021, however, defendant ordered its employees to return to the workplace and to become fully vaccinated as a condition of continued employment.

Plaintiff applied for a religious exemption from the vaccination requirement. Plaintiff indicated on the request form that she had a "specific religious belief that prevents me from taking a Covid Vaccine," but she did not identify the religion to which she adhered, and she did not explain what tenet of her religion prevented her from becoming vaccinated. Plaintiff instead explained that it would be a

violation of federal anti-discrimination law to discriminate against her on the basis of her "deeply held" but unidentified "religious convictions."

Defendant attempted to obtain more information, and asked plaintiff to explain her beliefs. Plaintiff experienced the request as a "highly invasive inquiry" that left her "feeling vulnerable, humiliated, and deeply disrespected, as though her personal beliefs and dignity were being stripped away under the guise of assessing her sincerity." Plaintiff declined to identify her religion or explain the religious belief that prevented her from becoming vaccinated. Defendant thereafter denied her request for an exemption, and plaintiff filed this lawsuit, asserting claims for (1) religious discrimination by failure to accommodate, (2) religious discrimination by disparate treatment, (3) wrongful termination, (4) breach of the covenant of good faith and fair dealing, and (5) fraud.

In her self-represented amended complaint, plaintiff has explained her positive employment history, the extent to which she was successful in performing her job remotely, the degree to which she felt disrespected during the process of seeking an exemption, and the ways in which she felt she could have adequately minimized her risk of COVID-19 transmission. However, even viewing her complaint in the light most favorable to her, *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514, she has not identified her religion, nor explained the religious belief that prevented her from obtaining a vaccination.

Defendant has filed the present motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Vt. R. Civ. P. 12(b)(6); *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 31, 217 Vt. 611; *Boynton v. ClearChoiceMD, MSO, LLC*, 2019 VT 49, ¶ 6, 210 Vt. 454. A motion to dismiss is not intended to "force a merits determination in the early stages of litigation" or otherwise adjudicate the facts of the case, *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 14, 184 Vt. 1, but is rather intended to "test the law of the claim" by determining "whether the bare allegations of the complaint constitute a statement of a claim." *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002); *Levinsky v. Diamond*, 140 Vt. 595, 599–600 (1982).

Plaintiff's first cause of action alleges that defendant failed to accommodate her religious beliefs in violation of the Vermont Fair Employment Practices Act ("FEPA"), 21 V.S.A. § 495(a). Generally, FEPA "makes it unlawful for an employer to discriminate against any individual based on race or disability, or to discharge or otherwise retaliate against an employee because the employee opposed discriminatory practices." *Hammond v. University of Vermont Med. Ctr.*, 2023 VT 31, ¶ 24, 218 Vt. 250 (citing 21 V.S.A. § 495(a)(1), (8)). FEPA "is patterned on Title VII of the Civil Rights Act of 1964, and the standards and burdens of proof under FEPA are identical to those under Title VII." *Hodgdon v. Mt. Mansfield Co.*, 160 Vt. 150, 161 (1992) (citation omitted).

As indicated above, there have been many federal cases involving claims that employers violated Title VII by denying an employee's request for a religious exemption from a vaccination requirement. The general rule is that a prima facie case for religious discrimination under Title VII for failure to accommodate requires the plaintiff to allege that: (1) they had a bona fide religious belief conflicting with an employment requirement, (2) they informed their employer of this belief, and (3) they were disciplined for failing to comply with the employment requirement. *Knight v. Connecticut Dep't of Health*, 275 F.3d 156, 167 (2d Cir. 2001); *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985). In the specific context of the COVID-19 vaccination cases, courts have held that a plaintiff establishes the first element by identifying their religion and explaining how their opposition

to the COVID-19 vaccine was grounded in a core tenet of their religion, e.g., *Greenberg*, 2024 WL 4252550, at *6; *Shigley v. Tydings & Rosenberg LLP*, 735 F.Supp.3d 601, 606 (D. Md. 2024); *Taylor*, 733 F.Supp.3d at 14. A plaintiff fails to state an adequate claim for religious discrimination, however, when the employee either fails to identify their religion, e.g., *Friend*, 2023 WL 3390820, at *3; *McKinley*, 2023 WL 3168026, at *2, or fails to explain how their opposition to the vaccine was grounded in religious beliefs, rather than personal beliefs or opinions, e.g., *Taylor*, 733 F.Supp.3d at 14; *Spa v. Aiken/Barnwell Counties Community Action Agency, Inc.*, 2024 WL 2848492, at *6–7 (D.S.C. Mar. 1, 2024)

In this case, plaintiff has neither identified her religion nor explained how her opposition to the vaccine was grounded in a specific religious belief. Instead, she has alleged only that her unspecified religious beliefs are "deeply held" and that they "prevent" her from becoming vaccinated. She has explained in more detail her personal beliefs regarding the efficacy of the vaccines. Following the holdings of the federal cases set forth above as persuasive precedent, the court concludes that plaintiff's conclusory allegations are "insufficient to state a claim for religious discrimination." *Cagle*, 680 F.Supp.3d at 435; *Colby*, 2008 VT 20, ¶ 10. It is clear that plaintiff is personally opposed to the vaccine for a variety of reasons, but she has not adequately alleged that a bona fide religious belief was one of them. *Spa*, 2024 WL 2848492, at *6–7.

Plaintiff argues that defendant earlier conceded the sincerity of her religious beliefs. It does appear that, in the letter denying her exemption request, defendant wrote that it had "determined that [plaintiff's] sincerely-held religious beliefs are contrary to the requirement to receive the COVID-19 vaccination." Defendant instead denied plaintiff's request for an exemption on the ground that it would be an "undue hardship" for defendant to permit unvaccinated health-care workers in the workplace. As defendant explained:

> Unvaccinated workers are more likely to contract COVID-19 and transmit the disease to other employees, our clients and others. This risk would infringe on other employees' jobs and their interest in a workplace free from recognized hazards, and impair workplace safety. It would also unnecessarily increase the risk of infection for the clients that we serve, many of whom suffer from compromised health conditions that place them at greater risk from this dangerous disease.

See Pl.'s Am. Compl., Annex G, at 97 (filed Jan. 23, 2025).

The court does not interpret the letter as a waiver of any defenses to plaintiff's claim for religious discrimination. Defendant denied plaintiff's request for a religious exemption from the vaccination requirement. In doing so, defendant focused upon the reasons why it would have been an undue hardship for defendant to accommodate exemptions from the vaccination policy, rather than parse plaintiff's documentation to determine whether she had adequately identified her religious beliefs. The parties have argued extensively whether it would have been an "undue hardship" as a matter of law for defendant to accommodate unvaccinated employees in the workplace, e.g., *Rodrique v. Hearst Communications, Inc.*, 126 F.4th 85, 93–94 (1st Cir. 2025). The court does not reach that issue in this decision because it remains the responsibility of a plaintiff filing a civil action to adequately state the basis for their claim of religious discrimination in the first instance. Cf. *Davis v. American Legion*, 2014 VT 134, ¶¶ 19–22, 198 Vt. 204. Here, plaintiff has not adequately stated

whether she has a bona fide religious belief that conflicted with the vaccination requirement. The court accordingly dismisses plaintiff's claim for religious discrimination based upon failure to accommodate.

Plaintiff's second cause of action alleges disparate treatment on the basis of religion. Plaintiff asserts that defendant subjected her to invasive and irrelevant questioning about her religion and treated vaccinated employees differently from unvaccinated employees. However, plaintiff's complaint does not allege that she was treated differently "because of her religious beliefs." *Spa*, 2024 WL 2848492, at \*7. It appears from the complaint that defendant required all its employees to become vaccinated, regardless of their religion, and that defendant's inquiries in response to plaintiff's exemption request were meant to fulfill defendant's obligations under federal and state anti-discrimination statutes. Plaintiff has not alleged any other facts showing that defendant treated its employees differently depending upon their religious beliefs.

To the extent that plaintiff has argued that she could have completed her employment responsibilities adequately with different accommodations, the court understands that plaintiff performed her job well during the difficult early months of the pandemic. The court also understands that defendant might have made different return-to-work decisions than it did. Neither of these understandings tend to prove, however, that defendant treated plaintiff differently because of a protected characteristic. Cf. *Caldwell v. Champlain College Inc.*, 2025 VT 17, ¶ 23. For these reasons, the court dismisses plaintiff's claim for religious discrimination based upon disparate treatment.

Plaintiff's third cause of action alleges wrongful termination. In asserting this claim, plaintiff acknowledges that she was an at-will employee, but she argues that her employment could not be "terminated for reasons that violate 'a clear and compelling public policy.'" *Boynton v. ClearChoiceMD, MSO, LLC*, 2019 VT 49, ¶ 8, 210 Vt. 454 (quoting *Payne v. Rozendaal*, 147 Vt. 488, 492 (1986)). In making this argument, plaintiff asserts that the public policy at issue is a provision in the 2021 employee handbook that requires alternative safety measures for unvaccinated employees. It does not appear to the court that this is the type of "public policy" provision that is contemplated by this legal rule, because it relates to the employer's internal workplace expectations rather than to a constitutional, statutory, or ethical obligation that the parties owed to the public. *LoPresti v. Rutland Regional Health Services, Inc.*, 2004 VT 105, ¶ 23, 177 Vt. 316. It also does not appear that this handbook provision was the type of employment policy that would have modified the at-will employment contract, e.g., *Ross v. Times Mirror, Inc.*, 164 Vt. 13, 19–20 (1995)—at the very least, plaintiff has not alleged that it did.

Plaintiff has also argued that applicable public policies are contained in the Americans with Disabilities Act and the federal Emergency Use Authorization applicable to the vaccine. Plaintiff's fundamental argument is that an employer cannot require mandatory vaccination as a condition of continued employment. A number of courts, however, have concluded that vaccination requirements are "a proper condition of employment." See *Beickert v. New York City Dep't of Educ.*, 2023 WL 6214236, at \*4 (E.D.N.Y. Sept. 25, 2023) (citing cases). As such, the court concludes that plaintiff has failed to identify how defendant's decision to discontinue her employment for failure to comply with a vaccination requirement violated public policy.

Plaintiff's fourth cause of action alleges breach of the covenant of good faith and fair dealing. Vermont courts have "decline[d] to recognize the implied covenant of good faith and fair dealing as means of recovery where the employment relationship is unmodified and at-will and the employee is

challenging the dismissal based on a right to tenure." *Boynton*, 2019 VT 49, ¶ 6 (citations omitted). Because plaintiff here has not identified a basis for concluding that she had a contractual right to continued employment, she cannot assert a freestanding or independent claim for breach of the implied covenant of good faith and fair dealing. Her claim is accordingly dismissed.

Plaintiff's final cause of action alleges fraud. She specifically alleges that defendant "falsely represented that its COVID-19 Vaccination Policy was legally required." It is not clear, however, how this amounts to an actionable civil claim for fraud. Even assuming that the statement was made and that it was false, plaintiff has not alleged how she detrimentally relied upon the statement. She has not alleged, for example, that she obtained a vaccination in reliance upon defendant's representations. As such, the court dismisses plaintiff's claim for fraud.

For these reasons, defendant's motion to dismiss (Motion #1) is granted. A dismissal under Rule 12(b)(6) is ordinarily without prejudice, and courts "normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected." 5B Wright & Miller, Federal Practice and Procedure: Civil 4th § 1357. Such a course of action is appropriate here, where many of the foregoing rulings depend upon the self-represented plaintiff's failure to identify certain facts or information that would be required in order to state a claim. As such, plaintiff may file and serve (under Rule 5) an amended complaint with an accompanying motion within 30 days of the file-stamped date of this order. Defendant may respond to the motion within the time provided by rule. If no amended complaint is filed within 30 days, the court will issue a final written order of dismissal.

Electronically signed on Tuesday, July 1, 2025 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 07/01/25
Windsor Unit