Filed 10/06/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-3458

| | |
|---|---|
| Peter Cook and Olivia Marie Quad, personally and on behalf of their minor daughter, Aria Hope Cook,<br>        Plaintiffs<br><br>v.<br><br>Johnson Community Housing Limited Partnership and Alliance Property Management, Inc.,<br>        Defendants | DECISION ON MOTION |

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This action arises from Plaintiffs' minor daughter's fall out of a second-floor window in their apartment in 2019. Plaintiffs Peter Cook and Olivia Quad have sued the owner, Johnson Community Housing L.P., and the property manager, Alliance Property Management, of their apartment building under theories of strict liability, breach of contract/warranty of habitability, negligence, and consumer fraud. Pursuant to Rule 56 of the Vermont Rules of Civil Procedure, Defendant Alliance Property Management, represented by Shapleigh Smith, Jr., Esq., now moves for partial summary judgment on the warranty and consumer fraud claims. Plaintiffs, represented by Christopher A. Micciche, Esq., have not filed any response to the motion. For the reasons discussed below, the motion for partial summary judgment is GRANTED.

### Factual Background

The material facts are not in dispute.[1] Defendant Johnson Community Housing Limited Partnership owns an affordable housing complex known as "Johnson Community Housing," located at 51 Gihon River Court in Johnson, Vermont. At all relevant times, Defendant Alliance Property Management, Inc. ("Alliance") managed that property. Plaintiff Olivia Marie Quad and her minor daughter, Aria Hope Cook, have resided in a second-floor apartment (unit B7) at that

---

[1] Because Plaintiffs did not respond to Defendant's Statement of Undisputed Material Facts ("SUMF"), the Court considers the facts stated to be undisputed. *See* V.R.C.P. 56(e)(2); *Boyd v. State*, 2022 VT 12, ¶ 8 n.1, 216 Vt. 272 (where plaintiff "did not directly respond to defendant's statement of facts[,] . . . . "for purposes of summary judgment, defendant's facts are deemed undisputed").

property since July 2018. Plaintiff Peter Cook is Aria's father; he moved into unit B7 at some point after October 31, 2019.

On July 2, 2018, Alliance showed Ms. Quad the apartment. During the showing, Ms. Quad inquired about missing screens in a few windows. Alliance did not present Ms. Quad with any written materials regarding the safety of the unit's window screens. That same day, Ms. Quad signed a lease for unit B7. Mr. Cook did not sign the lease.

The lease required Ms. Quad to "use all appliances, fixtures or common areas of the project in a safe manner and only for the purposes for which they are intended." SUMF, Ex. B at 4 ¶ 11(b)(ii). At the time she executed the lease, she also completed an inspection form indicating that the only damages in the apartment were carpet stains and a noisy fan. SUMF, Ex. D at 94:4-14; Ex. C at 1. She and her daughters, including Aria Cook, moved into the unit shortly after signing the lease. *Id.*, Ex. D at 12:15-19 & 94:20-23. After signing the lease, Ms. Quad emailed Alliance about some missing window screens.

On October 13, 2019, Aria pushed through a window screen located behind a loveseat and fell approximately fifteen feet. The screen was secured with tape along the bottom of the screen and screws on the side of the screen. At no point did Alliance represent that window screens were fall protection devices. SUMF, Ex. D at 118:14 to 119:8. Prior to October 13, 2019, Ms. Quad understood that window screens were not fall protection devices. *Id.* at 86:6-13. Prior to October 13, 2019, Ms. Quad did not ask Alliance to install fall protection devices in Unit B7 or give notice regarding the alleged defects. *Id.* at 86:15-20.

As a result of the fall, Plaintiffs, on Aria's behalf, seek to recover for personal injuries, physical pain and suffering, emotional pain and suffering, medical expenses, and future loss of wages. They also seek to recover for their own emotional pain and suffering, lost companionship with Aria, and future financial support for Aria.

Discussion

Defendant Alliance seeks partial summary judgment on the contract/warranty and consumer fraud claims. As to the consumer fraud claim, it contends that it did not represent the window screens as safety devices. As to the contract/warranty claim, it argues that any issues with the window screen did not render the apartment uninhabitable, and that the damages Plaintiffs seek cannot be recovered in a breach of contract claim. Furthermore, Alliance argues that those same two claims fail as to Mr. Cook for the additional reason that he was not a party to the lease and did not live at the apartment prior to Aria's fall.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). "Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case." *Caldwell v. Champlain Coll. Inc.*, 2025 VT 17, ¶ 7, 336 A.3d 423 (quotation omitted). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue," and courts "give the nonmoving party the benefit of all

2

reasonable doubts and inferences." *Id.* (quotations omitted). Summary judgment is "mandated," however, "where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party has the burden of proof at trial." *Id.* (quotation omitted). Thus, the nonmoving party "may not rest on the allegations in its pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Palmer v. Furlan*, 2019 VT 42, ¶ 7, 210 Vt. 375 (quotation omitted). Where a jury could find for the plaintiff "only . . . by relying on speculation, the defendant is entitled to summary judgment." *Caldwell*, 2025 VT 17, ¶ 7 (quoting *Boyd*, 2022 VT 12, ¶ 19).

      I.        <u>Breach of Contract/Warranty of Habitability</u>.

In Count 2, Plaintiffs allege that Defendants breached the warranty of habitability "by installing and failing to maintain manifestly unsafe windows" in the apartment, "where said breach was the actual and proximate cause of Plaintiffs' damages." Am. Compl. ¶ 18.

"[E]very lease, regardless of its express conditions, includes an implied warranty of habitability." *Weiler v. Hooshiari*, 2011 VT 16, ¶ 5, 189 Vt. 257 (citation omitted). Under this implied warranty, a landlord must "provide and maintain 'premises that are safe, clean and fit for human habitation.'" *Id.* (quoting *Hilder v. St. Peter*, 144 Vt. 150, 159, 478 A.2d 202, 208 (1984)). The warranty "covers all latent and patent defects in the essential facilities of the residential unit," which means those "facilities vital to the use of the premises for residential purposes." *Id.* (quotation omitted). To sustain a breach of warranty claim, the alleged violation must affect the "health or safety of the tenant." *Id.* ¶ 6 (quotation omitted); *see also* 9 V.S.A. § 4457 ("In any residential rental agreement, the landlord shall be deemed to covenant and warrant to deliver over and maintain, throughout the period of the tenancy, premises that are safe, clean, and fit for human habitation and that comply with the requirements of applicable building, housing, and health regulations.").

Alliance contends that any issues with the window screen did not render the apartment uninhabitable. As an initial matter, it is not clear that Plaintiffs' warranty claim is based solely on the allegedly insecure window screen. Plaintiffs mention the screen in paragraph 8 of their Amended Complaint in describing Aria's fall, but in paragraph 7 they assert that there were no "fall protection measures" installed in the window, including "any mechanism that would prevent the operable portion . . . from opening greater than four (4) inches." Am. Compl. ¶ 7. However, the Court concludes Plaintiffs have waived this argument by failing to oppose the summary judgment motion. *See, e.g.*, *Pharmacists Mut. Ins. Co. v. Myer*, 2010 VT 10, ¶ 18, 187 Vt. 323 (holding that party's "failure to oppose [dispositive] motion effectively waived the claims" of error (citing *Progressive Ins. Co. v. Brown ex rel. Brown*, 2008 VT 103, ¶¶ 8-9, 184 Vt. 388)).

In any event, the implied warranty of habitability does not fit the circumstances or the relief requested here. The statute contemplates notice of noncompliance to the landlord, and the landlord's failure to fix the problem in a reasonable amount of time before the tenant can pursue remedies:

(a) If the landlord fails to comply with the landlord's obligations for habitability and, after receiving actual notice of the noncompliance from the tenant, a governmental entity or a qualified independent inspector, the landlord fails to make repairs within a reasonable time and the noncompliance materially affects health and safety, the tenant may:
(1) withhold the payment of rent for the period of the noncompliance;
(2) obtain injunctive relief;
(3) recover damages, costs, and reasonable attorney's fees; and
(4) terminate the rental agreement on reasonable notice.

9 V.S.A. § 4458(a). Alliance's statement of undisputed facts demonstrates that such prerequisites did not occur here. Moreover, Plaintiffs seek damages for personal injuries and pain and suffering, which are not recoverable on a contract/warranty theory. *See Favreau v. Miller*, 156 Vt. 222, 229-30, 591 A.2d 68, 73 (1991) ("[I]n the adjudication of a lawsuit for relief from personal injury, the concepts of tort and negligence law provide the more straightforward way to describe the respective duties and liabilities of the parties. Where a tenant leases substandard premises, she [may] recover from the landlord her excess rental payments, her consequential damages for annoyance and discomfort and, in certain instances, punitive damages."); *id.* at 233 (Dooley, J., dissenting) ("I concur in the rejection of a warranty theory for personal injury damages."); *Jones v. Coughlin*, No. 519-8-04Rdcv, 2006 WL 4959629 (Vt. Super. Ct. Feb. 02, 2006) (Norton, J.) ("[O]ur Supreme Court has . . . held that the implied warranty of habitability does not support damages for personal injury." (citing *Favreau*, 156 Vt. at 129-30)). Therefore, Alliance's motion for summary judgment is **granted** as to the Breach of Contract/Warranty of Habitability claim.

## II.    Consumer Protection Act.

In Count 4, Plaintiffs claim that Defendants represented to them that the apartment was "safe, fit, without deficiencies or hazards or known dangerous conditions and maintained in a condition that would be reasonably safe from hazards, safe and traversable for children," that they relied upon that representation, that Defendants failed to deliver the apartment in the condition represented, and that Plaintiffs suffered injury as a result of that allegedly false representation. Am. Compl. ¶¶ 27-32. Alliance contends that the undisputed evidence shows that it did not represent window screens as safety devices.

Vermont's Consumer Protection Act prohibits "unfair or deceptive acts or practices in commerce." 9 V.S.A. § 2453(a). "To sustain a consumer-protection claim, a plaintiff must (1) prove facts that meet the definition of an unfair or deceptive act under 9 V.S.A. § 2453(a), and (2) demonstrate the prerequisites to a private action under 9 V.S.A. § 2461(b)." *Mansfield v. Heilmann, Ekman, Cooley & Gagnon, Inc.*, 2023 VT 47, ¶ 32, 218 Vt. 359 (citation omitted). "To establish a 'deceptive act or practice' under the [Act] requires three elements: (1) there must be a representation, omission, or practice likely to mislead consumers; (2) the consumer must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be material, that is, likely to affect the consumer's conduct or decision regarding the product." *Madowitz v. Woods at Killington Owners' Ass'n*, 2014 VT 21, ¶ 23, 196 Vt. 47 (quotation omitted). "To maintain a private action under § 2461(b), a plaintiff must show either (1) reliance

4

on a deceptive act in contracting for goods or services or (2) damages or injury from an unfair or deceptive act." *Mansfield*, 2023 VT 47, ¶ 34 (quotation omitted).

Alliance has demonstrated that it did not represent window screens as safety devices. Again, while it is not clear that a defective window screen is the sole basis for Plaintiffs' Consumer Protection Act claim, Plaintiffs did not respond to the summary judgment motion and thus have failed to meet their burden. As noted above, Plaintiffs had a duty to "respond[] with specific facts raising a triable issue." *Caldwell*, 2025 VT 17, ¶ 7. On summary judgment, Plaintiffs cannot merely rest on the allegations of their Complaint. Instead, they must come forward and identify the facts they are relying on to support the allegation that Alliance made misrepresentations. *See id.* (where "a party fails to make a showing sufficient to establish the existence of an element essential to the party's case," summary judgment is "mandated"); V.R.C.P. 56(c)(2); *see also Pharmacists Mut. Ins.*, 2010 VT 10, ¶ 18 (party's "failure to oppose the motion effectively waived the claims"). Because Plaintiffs failed to respond to the motion, there are no facts in the record to show that Alliance made any representations about the safety of the premises for children. Accordingly, Alliance is entitled to summary judgment on the Consumer Protection Act claim.

III.     Peter Cook.

Lastly, Peter Cook cannot proceed as a Plaintiff as to the contract/warranty and Consumer Protection Act claims. Alliance has established that Mr. Cook was not a party to the lease and did not live at the apartment before Aria's fall. Therefore, because he was not a tenant, he has no remedy under a warranty of habitability theory. Moreover, because he was not a party to the lease, he cannot claim that Alliance misrepresented anything to him. To the extent there is not already a basis for it as discussed above, the motion for summary judgment is **granted** as to Peter Cook on the contract/warranty and Consumer Protection Act claims.

Order

For the foregoing reasons, Defendant Alliance's Motion for Partial Summary Judgment (Mot. #7) is GRANTED.

Electronically signed on October 3, 2025 at 4:30 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

5