Vermont Superior Court
Filed 01/20/26
Chittenden Unit

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-01019



**In re: Janvier Mukeha**

## ENTRY REGARDING MOTION

Title:      Motion for Summary Judgment (Motion: 3)
Filer:      Jared K. Carter
Filed Date: November 03, 2025

Appellant Dorcele Nyandwi, a/k/a Dorcele Sifa Baraka ("Dorcele"), is a claimant to the Estate of Janvier Mukeha ("Janvier"). Her probate appeal presents a single issue: was Dorcele married to Janvier at the time of his death? Appellees Chane Cuine Estha and Assani Mujuguvya (Janvier's children) move for summary judgment. Dorcele opposes. For the reasons that follow, the court GRANTS Appellees' Motion (Mot. 3).

### I.      Undisputed Material Facts

Janvier died on February 3, 2023 following an April 22, 2021 car crash in Vermont. The parties agree that Chane and Assani are his children and beneficiaries of his estate. On January 22, 2025, the probate court concluded that Janvier was unmarried at the time of his death and that Appellees were the sole beneficiaries of his Estate. Dorcele now appeals.

On June 23, 2025, this court approved the parties' stipulated discovery schedule. Under that schedule, Appellees served Dorcele on July 31, 2025 with written discovery, including Request for Admission # 7 which asked Dorcele to admit or deny: "You are not the legal spouse of Janvier Mukeha." Appellees sent multiple emails requesting that Dorcele respond to the discovery requests. On September 4, 2025, Dorcele's lawyer informed Appellees' that he had just had the discovery translated and anticipated responding in about two weeks. When Appellees filed this motion on November 3, 2025, Dorcele had not responded. At that point, 93 days had passed since service of Request for Admission #7 and 63 days had elapsed since the 30-day due date for Dorcele's response under V.R.Civ. P. 36(a). Dorcele responded on November 10, 2025.

### II.     Discussion

In a probate appeal under V.R.Civ. P. 72, "the appeal to the superior court is de novo." *In re Est. of Doran,* 2010 VT 13, ¶ 14.

The court "will" grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.Civ. P. 56(a). "Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the

record to support the nonmoving party's case." *Caldwell v. Champlain Coll. Inc.*, 2025 VT 17, ¶ 7 (quotation omitted). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue," and courts "give the nonmoving party the benefit of all reasonable doubts and inferences." *Id.* (quotations omitted).

"Summary judgment is *mandated* where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party has the burden of proof at trial." *Id.* (quotation omitted) (emphasis added). Where a jury could find for the plaintiff "'only . . . by relying on speculation, the defendant is entitled to [summary] judgment.'" *Id.* (quotation omitted).

Resolving the single issue in this appeal depends on whether Dorcele admitted that she was not Janvier's wife when she failed timely to respond to Appellees' Request for Admission #7. "Parties may obtain discovery by . . . requests for admission." V.R.Civ. P. 26(a). *See also id.* 36 (setting forth further procedure for requests for admission). Their "function is to define and limit the matters in controversy between the parties." Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2252 (3d ed.). Rule 36 "is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." *Id.* "A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ." V.R.Civ. P. 36(a). "The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ." *Id.*

"Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." V.R.Civ. P. 36(b). The Rule "makes clear that if a party feels that a request for admission involves a matter that is in issue his proper course is to answer, denying the matter or giving reasons why he can neither admit nor deny it." Reporter's Notes, V.R.Civ.. P. 36; *see also* Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2265 (3d ed.) (noting that the remedy for failure to respond is "automatic admission").

Dorcele admits that she "missed the discovery deadline." (Appellant's Resp. to Mot. for Summ. J. at 7.) Appellees filed the pending motion more than 93 days after service of Request for Admission #7 and 63 days after Dorcele's due date under Rule 36(a). At that time, she had neither responded nor requested an extension. She adds without elaboration that her unexplained delay "did not unfairly prejudice the Appellee." (*Id.* at 7.)

Under these circumstances and the rule, "[t]he matter is admitted." V.R.Civ. P. 36(a). Dorcele does not address why she did not seek an extension prior to the deadline. *See Gallipo v. City of Rutland*, 2005 VT 83, ¶ 22, 178 Vt. 244. The question of her marriage to Janvier featured prominently in the three-day December 2024 probate hearing and occupied the bulk, even centerstage, of the probate court's decision. (Appellant's Mot. Ex. 9.) Dorcele chose not to testify at that hearing. (*Id.*) The proceedings gave her ample opportunity to anticipate and prepare a response for the straightforward Request for Admission #7. She neither answered nor sought an extension within any reasonable timeframe under the circumstances. Dorcele

"presents no valid reason [why her] failure to respond should not be deemed an admission." *Gallipo*, 2005 VT 83, ¶ 22.

In addition, Dorcele did not submit either a response to Appellees' statement of undisputed facts or a separate and concise statement of additional material facts that complies with Rule 56(c)(2). Instead, she submitted a "Statement of Disputed Facts" that copies the fact section and selective offers of proof from her opposition to Appellees' motion. "The court need consider only the materials cited in the required statements of fact . . . ." V.R.Civ. P. 56(c)(5). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it . . . ." V.R.Civ. P. 56(e)(2)–(3). Dorcele's noncompliance with Rule 56(c) provides an alternative basis for the court to consider undisputed the assertion in Request for Admission #7.

"[C]ourts may grant summary judgment based on unanswered requests to admit." *Gallipo*, 2005 VT 83, ¶ 22. The court concludes that Dorcele failed to respond timely to Appellees' Request for Admission #7. Dorcele has provided no sufficient basis to excuse her untimely response. The court deems Dorcele's actions to constitute an admission that she was not married to Janvier at the time of his death. She also did not submit either form of statement required by Rule 56(c)(2), providing an alternative basis for the court to consider undisputed that she was not married to Janvier at the time of his death. The court will grant summary judgment for Appellees.

## III.    Order

The court GRANTS Appellees' Motion for Summary Judgment (Mot. 3). Within seven days of this order, Appellees shall submit a proposed final judgment order.

Electronically signed pursuant to V.R.E.F. 9(d) on January 20, 2026.

Colin Owyang
Superior Court Judge