Filed 06/02/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02077

**Seventy Four South Main Limited Company v. Ken Dunbar**

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment  (Motion: 3)
Filer:        Stephen J. Craddock
Filed Date:   April 17, 2026

The motion is GRANTED.

Plaintiff Seventy Four South Main Limited has filed a motion for summary judgment in this ejectment action on the issue of possession and damages under 12 V.S.A. § 4854. Plaintiff filed its motion for summary judgment on April 17, 2026. To date, Defendant Ken Dunbar has not filed an opposition or response to this motion. The Court conducted a previously scheduled status conference in this matter on April 20, 2026. Defendant did not attend that hearing or provide the Court with any indication for his absence.

**Background Facts**

As a preliminary matter, the Court must determine what facts may be considered as part of the record for the present motion. In its initial filing for summary judgment, Plaintiff included a separate and concise, 13-paragraph statement of undisputed material facts. Each paragraph was supported by citations to affidavits or specific admissible evidence. V.R.C.P. 36 (a); V.R.C.P. 56(c)(1).[1]  Furthermore, since Mr. Dunbar did not file a response to

---

[1] Plaintiff has filed proof that it served the 13 requests-to-admit on Defendant by mail on March 4, 2026 and had not, by the time of filing the April 17th motion, received a response. Under Rule 36(a):

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as a Superior Judge may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney . . . .

V.R.C.P. 36(a). In this case, the Court deems admitted all 13 of Plaintiff's requests-to-admit because of Defendant lack of any response or objection.

1

Plaintiff's motion for summary judgment, Plaintiff's Statement of Undisputed Material Facts is deemed admitted for the purposes of this motion and shall largely control the Court's review of the factual issues. V.R.C.P. 56(e)(2); *Caldwell v. Champlain College, Inc.*, 2025 VT 17 ¶ 9.[2]

Based on this determination, the Court finds the following to be undisputed material facts. Defendant Dunbar signed a month-to-month lease with Plaintiff's predecessors in title on June 7, 2021 to rent Apartment #3 at 107 Seminary Street in Barre, Vermont. Defendant's rent was $700 per month.[3] The parties lease contained a provision that allowed the landlord to assess and collect a $15 late fee for any rent paid more than 10 days after the due date. By the terms of the lease, Mr. Dunbar accepted the apartment in the condition received and agreed to maintain the space in the same condition, order and repair, except for normal wear and tear. Plaintiff purchased the property and took assignment of the lease in August 2021. Prior to April 1, 2025, Plaintiff raised the monthly rent to $835.

Sometime prior to March 6, 2025, Defendant stopped paying all or portions of his monthly rent. By March 6, 2025, Defendant's rent arrearages had grown to $4,225. Plaintiff, through its agent, sent Defendant a notice of termination for non-payment of rent. This was delivered in hand to Defendant on March 13, 2025.[4] The notice gave Mr. Dunbar until April 14, 2025 to vacate the apartment and to terminate his tenancy. This notice is in excess of the 14 days permitted under 9 V.S.A. § 4467(a) for notice of termination based on failure to pay rent.

On April 14, 2025, Mr. Dunbar did not vacate the apartment. Mr. Dunbar did not pay his March or April rents, but he has paid all rent since May 2025 into Court pursuant to a June

---

[2] Mr. Dunbar is self-represented in this matter, and while the Court has granted him leeway with some of his filings and appearances in court, he is still obligated to follow the Rules of Civil Procedure, and the Court is obligated to apply these rules fairly with both parties. *Zorn v. Smith*, 2011 VT 10, ¶ 22 (noting that self-represented parties are "still bound by the ordinary rules of civil procedure") (quoting *Valteich v. Knott*, 139 Vt. 588, 591 (1981)).

[3] While parties did not label it as such, it appears that this was a renewal of lease as Attorney Twombly's affidavit indicates that Mr. Dunbar has resided in the apartment continuously for over 18 years.

[4] Attorney Twombly's affidavit has what appears to be a typo stating that the notice was delivered on March 13, 2026. This is inconsistent with both the Requests to Admit and the hand-written note on the Notice of Termination as well as the fact that the Notice of Termination was filed long before March 13, 2026. The Court will treat this line as a typo and a harmless error under Rule 61 in light of these circumstances. V.R.C.P. 61.

30, 2025 Rent Escrow Order.[5]  The total amount of unpaid rent due to Plaintiff, inclusive of all rent escrow amounts is $15,080.

Mr. Dunbar never provided Plaintiff with written notice of any habitability claims concerning his apartment prior to receiving the notice of termination.  After receiving the termination notice, Mr. Dunbar contacted the City of Barre Office of Code Enforcement regarding his apartment.  Mr. Dunbar also never provided notice of any rent withhold to Plaintiff prior to stopping his rent payments.

**Standard of Review**

Vermont Rule of Civil Procedure 56 governs motions for summary judgment.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law."  V.R.C.P. 56(a).  See *Gross v. Turner*, 2018 VT 80, ¶ 8, 208 Vt. 112; *Gilman v. Maine Mut. Fire Ins. Co.*, 2003 VT 55, ¶ 7, 175 Vt. 554.  The moving party must support its assertion with numbered paragraphs with references to materials in the record.  V.R.C.P. 56(c)(1).  The nonmoving party must show that the material facts are in dispute.  *Boyd v. State*, 2022 VT 12, 275 A.3d 155.  The nonmoving party does this through introducing their own admissible evidence.  *Gross*, 2018 VT at ¶ 8.  Additionally, the court gives the nonmoving party the benefit of reasonable doubts and inferences.  *Brousseau v. Brousseau*, 2007 VT 77, 182 Vt. 533.  If the court determines there are no genuine issues of material fact, the court will grant summary judgment.  V.R.C.P. 56.

**Legal Analysis**

Under 9 V.S.A. § 4467, a landlord may terminate a lease with no less than 14 days' notice for non-payment of rent.  9 V.S.A. § 4467(a).  In this case, the evidence shows that Plaintiff gave timely and sufficient notice of termination to Defendant in March of 2025, and

---

[5] The July 2025 Rent Escrow Order requires Defendant to make his monthly rent payments on or before the first of each month.  Based on the Court's records, Defendant appears to have followed these provisions for the first six months, but since January 2026, all rent payments have been late and out of compliance with the Court's Order.  As of the date of this decision, Defendant does not appear to have made his June 2026 rent escrow payment in derogation of the terms of the Order and 12 V.S.A. § 4853a(h).  The Court is currently holding $10,876 in rent escrow funds.

Defendant's lease terminated effectively on April 14, 2025. Despite this termination, Defendant has held over and remained in possession of the premises. Based on the evidentiary record before the Court, there is no basis to conclude that Defendant was entitled to withhold any amount of rent from Plaintiff. There is no evidence that Plaintiff was on notice of any defects or unrepaired issues that would give rise to a right to withhold under either 9 V.S.A. §§ 4457 or 4458. Nor is there any evidence of retaliation under 9 V.S.A. § 4465 as the termination process had begun prior to any notice or reporting of issues to the City by Defendant. Given that the lease was properly terminated, Plaintiff is entitled to a judgment for possession and for all unpaid rent. 12 V.S.A. § 4854.

There is no evidence before the Court in support of Defendant's counterclaims, and Defendant's failure to file an opposition or response to Plaintiff's motion for summary judgment on all claims effectively waives his claims. See *Pharmacists Mut. Ins. Co. v. Myer*, 2010 VT 10, ¶ 18, 187 Vt. 323, 325 (noting that a "failure to oppose the motion effectively waived the claims").

In light of Plaintiff's unopposed motion and supporting affidavits and exhibits, the Court finds that Plaintiff is entitled to Judgment against Defendant on the issue of possession and for unpaid rent in the total of $15,080. Since Plaintiff has prevailed on these issues, and the Court finds no basis to allocate the Rent Escrow money, the Court will release the full amount to Plaintiff and will credit Defendant with this amount against any unpaid rent.

### ORDER

Based on the foregoing, it is ORDERED and ADJUDGED that Plaintiff Seventy Four South Main Limited Company shall have judgment pursuant to 12 V.S.A. § 4854 against Defendant Ken Dunbar. This judgment shall include the right to reclaim possession and occupancy of the dwelling unit at 107 Seminary Street, Apt. #3, Barre, Vermont and a judgment of unpaid rent of $15,080 minus credit for all rent escrow payments to date. The Court calculates this to be a net total judgment of $4,204. The Court Clerk shall release all rent escrow funds to Plaintiff concurrent with this Judgment. The Court Clerk shall also prepare and issue a Writ of Possession consistent with 12 V.S.A. § 4854 to issue concurrent with this Judgment.

4

Plaintiff shall have 14 days following the execution of the Writ of Possession to notify the Court if it wishes to pursue any damages above normal wear and tear. If no notice is filed, then the Court will consider any claims for damages to be waived and will enter final judgment solely on the issues of possession and unpaid rent.

Electronically signed on 6/2/2026 2:03 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

5